UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAMES E. REID, )<br>    Defendant. )<br>_____) | Criminal No.  04-CR-10031-WGY |

MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S MOTION
FOR AN ORDER COMPELLING THE PRODUCTION OF
<u>HANDWRITING EXEMPLARS</u>

The United States of America submits this memorandum in support of its motion for an Order compelling the production of handwriting exemplars from defendant James E. Reid. There is probable cause to believe that obtaining handwriting exemplars from Reid may lead to discovery of the identity of the author or authors of material handwritten evidence (*e.g.* fabricated sales agreements) relevant to the defrauding of Firepond, Reid's former employer.

    I.    <u>RELEVANT FACTS</u>

As alleged in the February 4, 2004 Indictment, Reid is charged with presenting to his employer, Firepond, three purported sales agreements and related documentation that were fraudulent in that the subject companies had never executed any sales agreements for the purchase of goods or services from Firepond.

Based on the allegations contained in the Indictment, there is probable cause to believe that handwriting exemplars the Government seeks to obtain will likely aid federal investigators in identifying who signed the fabricated sales documents.  It is necessary to obtain the handwriting exemplars in order to compare them with the handwritten evidence obtained during the criminal investigation.

    II    <u>ARGUMENT</u>

Securing handwriting exemplars pursuant to a court order does not constitute a "seizure" under the Fourth Amendment because a person's handwriting is repeatedly shown to the public, and, therefore, there is no expectation of privacy as to a person's handwriting.  <u>United States v. Mara</u>, 410 U.S. 19, 21-22 (1973).  To require that the defendant produce handwriting exemplars violates no legitimate Fourth Amendment interest.  <u>Id.</u> at 22.

It is equally well established that compelling a criminal defendant to produce identifying physical characteristics for examination, such as handwriting exemplars, is outside the protection of the Fifth Amendment.  <u>Gilbert v. California</u>, 388 U.S. 263, 266-67 (1967) (taking of handwriting exemplars violates no Fifth Amendment privilege).  Fifth amendment concerns arise in the case of a demand for a handwriting exemplar only when the demand is a pretext for eliciting evidence of a testimonial nature.  <u>United States v. Campbell</u>, 732 F.2d 1017, 1021 (1st Cir. 1984) (taking of handwriting exemplar from a dictated sample violates Fifth Amendment privileges when purpose is to elicit evidence of spelling and grammatical skills of defendant). Accordingly, where the Government in this case requests handwriting exemplars of a non-testimonial nature, Reid has no constitutional basis on which to refuse to furnish the requested

exemplars.  See Gilbert, 388 U.S. at 266-67; Campbell, 732 F.2d at 1021.

    Respectfully submitted this 26th day of May, 2004.

                                  MICHAEL J. SULLIVAN
                                  United States Attorney


By:_____
    VICTOR A. WILD
    Assistant United States Attorney


## CERTIFICATE OF SERVICE

    This is to certify that I have this day served a copy of the foregoing upon Leo Sorokin, Esq., Federal Defender's Office, 408 Atlantic Avenue, Boston, MA 02210.


_____
VICTOR A. WILD
Assistant United States Attorney
Suite 900
One Courthouse Way
Boston, MA   02210
(617) 748-3145
BBO# 543148