UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10031-WGY |
| ) | |
| JAMES E. REID ) | |

DEFENDANT'S MOTION TO REQUIRE GOVERNMENT
TO PAY THE COST OF COPYING DISCOVERY DOCUMENTS

Defendant moves to require the United States Attorney's Office rather than the Federal Defender Office to pay the cost of copying the discovery documents in this case.  AUSA Victor Wild has indicated that the United States will oppose this Motion.

The USAO made available for inspection and copying approximately six feet of documents.  Initially, undersigned counsel identified approximately two feet of the foregoing documents for copying.  The USAO copied the identified documents at its expense and produced them to counsel.  Subsequently, counsel determined he required a copy of every document shown to him by the USAO.

In response to counsel's request for a copy of all of the documents, the Government has indicated that it would provide the documents, however, the Federal Defender Office must pay the cost of the copying.  After consulting with Copy Cop, the Federal Defender Office estimates that copying all six feet of the documents shown to counsel would cost between $1,980 and $2,510 (depending upon the number of paper clips, etc. as determined by

Copy Cop during the copying process). The estimated cost should be reduced by approximately one-third because there is no need to copy again the documents previously produced (all of which can be identified by the Federal Defender Office by the Bate Stamp Numbers on the documents).

Several reasons support requiring the USAO to pay the cost of copying in this case.

1. The Court determined that the defendant was indigent and appointed the Federal Defender Office to represent him.

2. At issue, in this motion is the cost of copying a bit less than two file drawers of paper. Counsel has reviewed the documents already produced as well as reviewed, in a general way, the documents not yet produced. The documents appear to be from the files and records of Firepond and appear to relate or refer generally to the transactions or events underlying the allegations in the Indictment. Reid is on release and lives in Canada. If the FDO has its own copy of all the documents, this will facilitate Mr. Reid's access to the documents and attorney-client communication.

3. Under the consistent and uniform practice in this district, the USAO, at least in cases involving the Federal Defender Office, always pays the cost of copying at least one set of the documents in its possession. Undersigned counsel is unaware of any case in which the Federal Defender Office has paid

the cost of copying the first copy of documents in the possession of the USAO.[1]  Undersigned counsel is aware of one case in which the USAO took the position that the FDO must pay the copying costs.  In that case the Court (Dein, M.J.) ordered the USAO to pay the copying costs.  United States v. Lavoie, Cr. No. 02-10381 (Docket Entry #22 and Electronic Order on 6/24/03 denying Gov't's Motion for Reconsideration Dkt #24); cf. Local Rule 116.4(A)(1) (requiring the USAO to pay the cost of producing one copy of each tape recording for counsel and, if defendants are in custody, a second copy for defendants in custody).

    4.  Under Fed. R. Crim. P. 16, the Court possesses discretion to order the Government to pay the cost of copying discovery documents.  See, e.g. United States v. Freedman, 688 F.2d 1364, 1366 (11th Cir. 1982).  Courts have recognized that indigent defendants and/or representation by the Federal Defender Office is a sufficient fact to warrant the Court to exercise its discretion to require the Government to pay the cost of copying.  United States v. Lino, 2001 WL 8356 at *19 (S.D.N.Y. Dec. 29, 2000); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

    5.  The Federal Defender Office represents the defendant by appointment of the Court.  For the Court's information, counsel

---

[1] Counsel is aware of multi-defendant cases involving a substantially larger amount of paper than this case.  In some of those cases, the USAO made one copy for all defense counsel at the expense of the USAO with individual lawyers paying for their own separate copies if the lawyer so desired.

understands that funding for appointed counsel, both as part of the Federal Defender Offices and the Criminal Justice Act, is in crisis. For example, a hiring freeze prevented the FDO from replacing an investigator that left last summer until just this month.

    WHEREFORE, the defendant urges the Court to exercise its discretion and Order the USAO to produce the documents to the defendant at the expense of the USAO.

                                        JAMES E. REID
                                        By his attorney,


                                        /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                            B.B.O. #559702
                                        Federal Defender Office
                                        408 Atlantic Ave., 3rd Floor
                                        Boston, MA  02110
                                        Tel: 617-223-8061

Dated: February 2, 2005