UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
         V.            )    Cr. No. 04-10031-WGY
                            )
JAMES E. REID,          )
                            )
          Defendant    )

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO REQUIRE GOVERNMENT
<u>TO PAY THE COST OF COPYING DISCOVERY DOCUMENTS</u>**

The United States of America submits this Supplemental

Memorandum in opposition to the defendant's motion to require the

Government to pay the cost for duplication of discovery materials

that the Federal Defender Office wants to have copied.

The Government filed its Opposition on February 16, 2005.

On February 25, 2005, the United States Court of Appeals for the

Third Circuit issued a decision that touches on the matter of

defendant photocopying costs.  In <u>United States v. Pelullo</u>, No.

02-2710, 2005 WL 433589 (3rd Cir. Feb. 25, 2005), one of

defendant Pelullo's primary claims was that the Government had

suppressed evidence (in a trial in the District of New Jersey) by

failing to provide him with exculpatory information purportedly

contained within 75,000 pounds of business documents (the

"warehouse documents") seized in the course of a separate

criminal investigation by federal officials in the Middle

District of Florida.  <u>Id.</u> at *3-5.  As provided by F. R. Crim. P.

16, <u>Pelullo</u>, 2005 WL 433589, at *5 & n.7, on multiple occasions

the government had offered to have the documents copied at

defendant Pelullo's expense (and also offered to obtain an
estimate for the cost) but the defendant never accepted any of
these offers.  Id. at *5-7.

It is true that Pelullo involved "massive amounts of
documents," Id. at *10, and numerous other complexities that are
not at issue in the instant case.[1]  Still, in reversing the
district court's grant of a new trial and in finding that the
Government had not suppressed Brady evidence, Id. at *1, the
Third Circuit based its decision in part on the degree of access
provided to the defendant:

> We proceed to examine the purported suppression of the
> warehouse documents.  Our analysis focuses on three
> overarching considerations: (1) the respective knowledge of
> the parties; (2) Pelullo's access to the warehouse
> documents; and (3) the government's representations.

Id. at *11.  After first discussing the knowledge of the parties,
the court moved to the question of access:

> A further consideration here, which is perhaps of even
> greater import [than the government's knowledge], is that
> the government repeatedly made the warehouse documents
> available to Pelullo and his attorneys for inspection and
> copying.

Id.  In a footnote to the sentence above, the court elaborated:

> Pelullo asserts that the government knew that he could
> not afford to pay the expenses for the warehouse documents.
> He thus argues that offering to provide an incarcerated and
> impecunious defendant with copies of thousands of documents
> at his expense hardly satisfies the government's Brady

---

[1] For example, the Pelullo court noted that the defendant
had been the subject of federal criminal prosecutions in three
different Districts.

2

> obligations.  This argument is wholly unpersuasive.  As the
> government points out, Pelullo could have sought
> reimbursement under the Criminal Justice Act for the
> expenses of obtaining the documents.  See <u>United States v.</u>
> <u>Feldman</u>, 788 F.2d 625, 626 (9th Cir. 1986).

<u>Pelullo</u>, 2005 WL 433589, at *11 n.15.

Of note, in the <u>Feldman</u> case cited by the <u>Pelullo</u> court, the

Ninth Circuit suggested the answer to the question at issue in

the instant case.  In considering whether an indigent <u>pro se</u>

defendant could obtain reimbursement for photocopying and postage

expenses, the court determined that indigent defendants have

three options available for obtaining reimbursement for such

expenses.  <u>Feldman</u>, 788 F.2d at 626.  If a defendant is

represented by a court-appointed attorney, the attorney can claim

reimbursement under the Criminal Justice Act.  <u>Id.</u>  If a

defendant chooses to proceed <u>pro se</u> he can also obtain CJA

reimbursement.  <u>Id.</u>[2]  But in discussing the third option

available to indigent defendants, the Ninth Circuit made clear

the assignment of responsibility for such expenses:

> Alternatively, rather than seek a court-appointed
> attorney, an indigent defendant such as Feldman might
> request the Federal Public Defender to assume
> representational responsibility.  In such cases, the

---

[2] Although not at issue in this case, two Courts of Appeals
have disagreed with <u>Feldman</u> and held that the Criminal Justice
Act does not allow reimbursements to <u>pro se</u> criminal defendants.
<u>See</u> <u>United States v. McElhiney</u>, 369 F.3d 1168, 1170 (10th Cir.
2004); <u>United States v. Green</u>, 323 F.3d 1100, 1104-05 (8th Cir.
2003).  But like the Ninth Circuit in <u>Feldman</u>, in neither of
these cases did the court turn to the United States Attorney for
payment of these defense costs.

Federal Public Defend[er's] congressionally-approved budget presumably covers all expenses incurred through appeal.

Id.

In short, by providing the defendant and his Federal Defender in this case with access to the discovery materials, and by providing for materials he selects to be copied at defense expense, the Government has fulfilled its obligations under F. R. Crim. P. 16.  The expense must be borne by the Office of the Federal Defender, or alternatively under the Criminal Justice Act, but not by the Office of the United States Attorney.[3]

WHEREFORE, the Government further moves this Court to deny the defendant's motion.

Respectfully submitted this 11th day of March, 2005.

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY


By:  /s/ Victor A. Wild
     VICTOR A. WILD
     Assistant U.S. Attorney

---

[3] Cf. In re Baker, 693 F.2d 925, 927 (9th Cir. 1982) (noting that the CJA, to which the government is not a party, is the intended independent source for expenses of appointed counsel, and that it is merely "fortuitous that the payment comes from the same treasury that funds the prosecution.")

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by hand upon Leo T. Sorokin, Esq., Office of Federal Public Defender, 408 Atlantic Avenue, Boston, MA, on this the 11TH day of March, 2005.

/s/ Victor A. Wild
VICTOR A. WILD
Assistant U.S. Attorney