UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 21 P 3: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

JAMES E. REID

        Defendant.

C.A. No. 04-CV-10832-JLT

## [PROPOSED] FINAL JUDGMENT BY DEFAULT

Defendant James E. Reid ("Reid") having failed to plead or otherwise defend in this action, and his default having been entered,

Now, upon application of plaintiff and affidavits demonstrating that defendant received ill-gotten gains of $234,000, that defendant is not an infant or incompetent person or in the military service of the United States,

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Reid and Defendant Reid's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Reid and Defendant Reid's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-13 and 12b-20 thereunder [17 C.F.R. §§ 240.13a-13 and 240.12b-20] by knowingly providing substantial assistance to an issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. § 78l] that fails to file, in accordance with such rules and regulations as the Commission prescribes as necessary or appropriate, such information and documents as the Commission requires to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual and quarterly reports as the Commission prescribes, including, but not limited to, quarterly reports on Form 10-Q as prescribed by Rule 13a-13 [17 C.F.R. § 240.13a-13], or that fails to include, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], such further

2

material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Reid and Defendant Reid's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to an issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. § 78l] that, directly or indirectly, fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer;

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Reid and Defendant Reid's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account or by, directly or indirectly, falsifying or causing to be falsified any book, record or account of an issuer which has a class of securities registered with the Commission or which is required to file reports with the Commission.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Reid and Defendant Reid's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Reid and Defendant Reid's agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. §240.13b2-2] by directly or indirectly, making or causing to be made a materially false or misleading statement, or omitting to state, or causing another person to omit to state, a material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (i) an audit or examination of the financial statements of an issuer required to be made or (ii) the preparation or filing of a document or report required to be filed with the Commission.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Reid is barred from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the

4

Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Reid shall be liable for disgorgement of $234,000 representing the ill-gotten gains she received in connection with the violations described in the Amended Complaint, plus prejudgment interest thereon in the amount of $29,641.39., for a total disgorgement amount of $263,641.39. Defendant Reid shall satisfy this obligation by paying $263,641.39 within ten (10) business days to the Clerk of this Court, together with a cover letter identifying James E. Reid as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Reid shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant Reid relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Reid. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Reid pay civil penalties pursuant to Section 21(d) of the Exchange Act in the amount of $_____$. To satisfy the obligation of this civil penalty and the above disgorgement order, Defendant Reid shall make payment into the Registry of this Court, by cashier's check, certified check, or postal money order, made payable to "Clerk, United States District Court", under cover of a letter that identifies the relief defendant, the name and number of this action and the name of this Court, with a copy to counsel for the Commission in its Boston District Office. The payment shall be made within thirty days of entry of this judgment. The disgorged funds, civil penalty, and prejudgment interest shall be held by the Registry of this Court in an interest bearing account pending further order of the Court.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

XI.

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

DONE AND ORDERED at Boston this 3 day of December, 2004.

_____
United States District Judge