IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL CASE NO. 04-10031-WGY |
| ) | |
| v.                      ) | |
| ) | |
| JAMES REID              ) | |

GOVERNMENT'S MEMORANDUM OF LAW
REGARDING REVOCATION OF CONDITIONS OF RELEASE
AND MOTION FOR DETENTION

The Government submits its Memorandum of Law for this Court's consideration in connection with proceedings pursuant to Title 18, United States Code, Section 3148(a)and (b) and pursuant to Title 18, United States Code, Section 3148(b) and Section 3142(f)(2) and (g).

**PREFACE**

By Memorandum from the United States Pretrial Services Office, this Court was informed of certain matters and issued a warrant for the arrest of the defendant for hearing on revocation of conditions of release. The defendant was arrested on December 1, 2005. The Government filed a Motion For Revocation Of Conditions of Release and Motion For Detention.

At the initial appearance, the defendant asserted that the revocation proceeding was unlawful upon the claim that the revocation proceeding was initiated by the Pretrial Services Office whereas revocation of release can be initiated exclusively

upon motion of the attorney for the Government, citing <u>United States v. Herrera</u>, 29 F. Supp 756 (N.D. Tex. 1998) and the first sentence of Title 18, United States Code, Section 3148(b).

## **LEGAL ISSUES**

It must be noted at the outset that Title 18, United States code, Section 3154 places affirmative obligations upon Pretrial Services officers which are directly applicable here.  Section 3154(5) specifically states that Pre-Trial Services must:

> **Inform the court** and the United States attorney of all apparent violations of pretrial release conditions, arrests of persons released to the custody of providers of pretrial services or under the supervision of providers of pretrial services, and any danger that any such person may come to pose to any other person or the community, and **recommend appropriate modifications** of release conditions.  (emphasis added).

It must also be noted that this Court possesses inherent authority to issue an arrest warrant, regardless of the source of information, regarding violations of conditions of release ordered by this Court.  *See*, *e.g.*, Section 3142(c)(3).  *See also*, Section 3142(c)(1)(B)(i),(iv),(x), and (xii).  It must further be noted that the revocation proceeding in this case is being conducted pursuant to motion of the Government.  *See*, Section 3148(b).  Nonetheless, the Government addresses the defendant's assertions.

The defendant cites <u>Herrera</u> to argue that, absent a motion filed by the Government, this Court is barred from conducting a

2

proceeding for revocation of conditions of release.  Necessarily, this presupposes that neither Pretrial Services nor even the Court itself may initiate such proceedings.  However, the Herrera court specifically noted the propriety of precisely what occurred in this instance:

> As noted, Section 3154(5) expressly authorizes the Pretrial Services Agency to inform the court and the United States attorney of all apparent violations of pretrial release conditions and to recommend appropriate modifications to those conditions.  The attorney for the government or the judicial officer may then initiate appropriate proceedings based on this information.

Herrera, 29 F.Supp. at 761.  Thus the Herrera court recognized the authority and obligation of the Pretrial Services Office not only to inform the court regarding possible violations, but to also "recommend appropriate modifications" of conditions of release.  Moreover, as the Herrera court acknowledged, either the judicial officer or the government may "initiate" appropriate proceedings based on the information provided.  It is, at best, difficult to reconcile the balance of the Herrera decision with these principles.

   Herrera was reviewed in 2001 by the Administrative Office of the United States Courts.  In a letter to the Pretrial Services Office in Seattle, Washington, the Administrative Office provided a comprehensive review of related statutes and caselaw as well as significant policy considerations, incorporated herein by reference.  The Administrative Office found that Herrera stood

3

alone in its interpretation of Section 3148(b), and that the holding was inconsistent "with other statutory and case law authority, as well as common sense and practical considerations." See Attachment "A", Ltr. from Catharine M. Goodwin, Asst. General Counsel, Admin. Office of the U.S. Courts, to Timothy W. McTighe, Chief Pretrial Services Officer, Seattle, Wash. 2 (Feb. 13, 2001). In essence, Assistant General Counsel for the Administrative Office of the U.S. Courts stated that it would be unreasonable and against "fundamental" principles regarding separation of powers for the court to lose authority over those it has placed on supervision. Id. at 3.

The inherent flaws of Herrera were again reviewed recently in United States v. Roland, 2005 WL 2318866 at *8 (E.D. Va. Aug. 31, 2005), in which the court respectfully disagreed with the analysis in Herrera, and discussed how "following Herrera would produce an absurd result and thwart the obvious purpose of Section 3148." The Government likewise respectfully submits that Herrera is neither internally consistent nor consistent with correlative authority of this Court.[1]

In the absence of precedent on the issue, the Herrera and Roland courts both looked for the legislative intent behind the relevant statutory language. In such a determination, "absent a

---

[1] The Government notes that Herrera in 1998 and Roland in 2005 appear to be the only caselaw precisely on point and the cases come to absolutely opposite conclusions.

clearly expressed legislative intention to the contrary, the language of the statute itself is to be regarded as conclusive." United States v. James, 478 U.S. 597, 606 (1986). Herrera focused on the first sentence of Section 3148(b), which states: "[t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." Reasoning that because only the attorney for the Government is mentioned in this provision, Herrera concluded that neither pretrial services nor the court itself may exercise any equivalent authority to initiate a revocation proceeding. Herrera, 29 F. Supp. 2d at 759.

To support its holding, the court in Herrera examined Section 3148(c), which reads, "The judicial officer may commence a prosecution for contempt ... if a person has violated a condition of release." According to the Herrera court, this language of Section 3148(c), in concert with Section 3148(b), necessitated the conclusion that different roles were intended for the prosecutor and the judicial officer -- since the judicial officer has the sole authority to commence a prosecution for contempt, the government has the sole authority to commence proceedings for a revocation of release.

Directly contrary to Herrera, Roland held that "[the court] may initiate a proceeding, independently from the Government attorney, for revocation of release and an order of detention

when U.S. Pretrial Services informs the Court, by petition, of an alleged violation."  Id. at *2.[2]  Responding to Herrera's theory of a division of authority between the government and the court, Roland looked to Section 3148(a), and identified "three available sanctions for violations of a release order, which are not mutually exclusive: 'revocation of release, an order of detention, *and* a prosecution for contempt of court.'"  Id. at *5 (emphasis in original).

    Considering the same statutory provisions as Herrera, Roland focused on the specific choice of words in Section 3148:

> (b) Revocation of release. -- The attorney for the Government *may* initiate a proceeding for revocation of an order of release by filing a motion with the district court.  A judicial officer *may* issue a warrant for the arrest of a person charged with violating a condition of release, and the person *shall* be brought before a judicial officer....

(emphasis added).  Roland stated that when the same rule uses the terms "may" and "shall," "may means just what it says ... as discretionary rather than mandatory."  Id. at *7 (quoting Sheppard v. Riverview Nursing Center, Inc., 99 F.3d 1332, 1335 (4th Cir. 1996)).  Accordingly,

> [i]n defining "may" as discretionary, Congress did not

---

[2] The Government notes that in both Herrera and Roland, the revocation proceedings were initiated by a "Petition for Action on conditions of Pretrial Release." Roland at *1; Herrera, 29 F.Supp. 2d at 757.  In the instant matter, no such petition was filed by Pretrial Services.  The Government notes the distinction, but suggests that the correct application of law supports the revocation proceeding in this case and that this Court need not base such a finding on that distinction.

>     mean that "only the government may move to initiate" a
>     proceeding to sanction a defendant with a revocation of
>     release and an order of detention.  Rather, a holistic
>     reading of Section 3148 provides that the government,
>     like the judicial officer, has the discretion to initiate
>     a release revocation proceeding.

Roland, 2005 WL 2318866 at *8.

As additional statutory support for the court's broad powers in the context of revocation of release, Roland cited Section 3142(c)(3), which states, "[t]he judicial officer may at any time amend the [release] order to impose additional or different conditions of release."  Roland, 2005 WL 2318866 at *8.  Certainly, if this Court has specific authority to "at any time amend" its own Order on conditions of release, this Court necessarily has the authority to initiate revocation proceedings without a prerequisite motion by the Government.  Indeed, the court in Roland considered the impropriety that could result if the Court were informed of significant violations of conditions of release but under application of Herrera lacked inherent authority to proceed and, "for whatever reasons, the government attorney decides not to move to initiate a release revocation proceeding under Section 3148(b)...."  Roland at *8.

Lastly, Roland described how adhering to Herrera would "thwart the obvious purpose of Section 3148":

>     Reading Section 3148 from the vista of Herrera undermines
>     the swift detention of pretrial release defendants who
>     commit crimes on release, violate conditions of release, and
>     who may otherwise pose a threat to the community.  Congress
>     could not have intended to apply different burdens of proof

>and procedures depending on which judicial actor, the
>prosecutor or the judge, decided to initiate a proceeding to
>detain the defendant pending trial.  Such a result would
>indeed be absurd, and would undermine the purpose of 3148.

Id.

The well-defined role of Pretrial Services is also instructive in this matter.  Pretrial Services Offices are subject to supervision by the Judicial Conference of the United States, chaired by the Chief Justice of the Supreme Court and attended by representative judges from all circuit courts.[3]  As noted above, Title 18, United States Code, Section 3154(5), states that it is the Pretrial Services officer's express duty to report to the judicial officer, as well as the United States Attorney's Office, any violation of the conditions of release.  This duty was elaborated in the Report of the Judicial Conference of the United States for September 23, 2003, when the Conference approved Monograph 111 of the Office of Probation and Pretrial Services, entitled, "The Supervision of Federal Defendants."  *See* Attachment "B", Rpt. Procs. Jud. Conf. U.S. 18 (Sept. 23, 2003)(excerpt).  As approved by the Judicial Committee, Monograph 111 at Chapter VI, page 8 states:

>***Request for Revocation*** would be the appropriate
>recommendation when the officer determines that no
>modification of conditions can reasonably assure the
>safety of the community and the appearance of the

---

[3] The First Circuit was represented at the September 23, 2003 Conference by Michael Boudin, Chief Judge of the First Circuit Court of Appeals and by District Judge D. Brock Hornby of the District of Maine.

8

>   defendant. [See 18 U.S.C. Section 3148(b) for
>   revocation procedures.]  When requesting a violation
>   hearing, the officer should also request either that
>   the court issue a summons to appear or an arrest
>   warrant.  Warrants should only be requested when there
>   is an immediate risk of danger or nonappearance, or
>   when it is believed that the defendant will not appear
>   voluntarily.

See Attachment "C", <u>The Supervision of Federal Defendants</u>, Monograph 111, Chapter VI, 8 (Sept. 2003)(excerpt).  Thus, the Judicial Committee with oversight for the operations of Pretrial Services directs the agency's officers to "initiate" proceedings by requesting a violation hearing and by making a specific request that the court issue a summons or an arrest warrant.  In doing so, there is no mandate that the government prosecutor be involved in initiating revocation proceedings; indeed, there is no mention of the government at all.

<u>**CONCLUSION**</u>

The responsibilities and authority of Pretrial Services officers, as directed by the Judicial Conference, include requesting that revocation proceedings be commenced where deemed appropriate.  Even if it were not a proper function of Pretrial Services to request revocation and to request issuance of summonses or warrants, it is clearly within this Court's specific authority to initiate revocation of release proceedings, entirely independently from a motion by the attorney for the Government.  Moreover, in this case the Government has moved for revocation of conditions of release and for detention of the defendant pending

9

trial.

    Respectfully submitted this 5th day of December, 2005.

                          MICHAEL J. SULLIVAN
                          UNITED STATES ATTORNEY


               By:  /s/ Victor A. Wild
                    VICTOR A. WILD
                    Assistant U.S. Attorney
                    One Courthouse Way
                    Boston, MA 02210
                    (617) 748-3100
                    Mass. Bar No. 543148


                        CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the above upon Syrie Fried, Esq., of the Federal Defender Office, counsel for the defendant.

                        /s/ Victor A. Wild
                        VICTOR A. WILD
                        ASSISTANT U.S. ATTORNEY