

| | | |
|---|---|---|
| LEONIDAS RALPH MECHAM<br>Director | **ADMINISTRATIVE OFFICE OF THE<br>UNITED STATES COURTS** | |
| CLARENCE A. LEE, JR.<br>Associate Director | WASHINGTON, D.C. 20544 | WILLIAM R. BURCHILL, JR.<br>Associate Director<br>and General Counsel |

February 13, 2001

Transmitted by *facsimile* to (206) 553-2686, with hard copy to follow

Mr. Timothy W. McTighe
Chief Pretrial Services Officer
500 Park Place Building
1200 Sixth Avenue
Seattle, WA 98101-1128

Dear Mr. McTighe:

    Your office has asked for our opinion on the propriety of pretrial services officers initiating revocation proceedings, in light of United States v. Herrera, 29 F.Supp.2d 756 (N.D.TX 1998), in which the district court held that only an attorney for the government could initiate a proceeding for revocation of a pretrial release order, pursuant to 18 U.S.C. § 3148(b). It is our position that the judicial officer is authorized to initiate revocation proceedings upon the recommendation of the pretrial services officer. Indeed, this has been the prevailing practice, in accord with forms and procedures approved by the Judicial Conference of the United States. The Herrera opinion stands alone in interpreting section 3148(b) as to provide the government with *exclusive* authority to initiate revocation proceedings, and to deprive the court of authority to do so on its own motion upon notification of a violation by the pretrial services officer.

    In Herrera, the defendant challenged the revocation of his pretrial release, which was initiated by the pretrial services officer's petition for a revocation hearing. The defendant based that challenge on the express language of section 3148(b): "The attorney for the Government may initiate a proceeding for a revocation of an order of release by filing a motion with the district court." The court found that the "explicit inclusion only of the attorney for the government is properly understood as an express exclusion of all others." Id. at 759. Although the court recognized that the pretrial services officer is required by 18 U.S.C. § 3145(5) to report violations to the judicial officer, it concluded nevertheless that the judicial officer has no authority to act on that information to revoke release without a request from the United States

Mr. Timothy W. McTighe
Page 2

Attorney's office, and that the only recourse for the court, without the consent of the government, would be to cite the defendant for contempt, pursuant to 18 U.S.C. § 3148(c). In our view, this conclusion elevates one of two possible interpretations of section 3148(b) over considerations of other statutes, common sense, and established practice, and raises separation of powers concerns.

The relevant language in section 3148(b) is as follows:

"The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer... for a proceeding in accordance with this section."

Although the argument was not raised in Herrera, this provision could reasonably be interpreted to provide dual authority to the attorney for the Government and the judicial officer to initiate revocation proceedings. That is, the second sentence, which gives the judicial officer authority to issue a warrant, is not necessarily dependent on the first sentence, which provides for a Government motion. The sentences can be read as separate grants of authority, permitting the judicial officer to issue an arrest warrant on his or her own motion without an application by the attorney for the Government. We believe this is the more reasonable reading of the statute than that used by the Herrera court, and that it is more consistent with other statutory and case law authority, as well as common sense and practical considerations.

It is certainly the more logical reading, given that revocation is based upon a violation of release conditions that were *imposed by* the judicial officer and the fact that the judicial officer has the ultimate responsibility for revoking release. Given that section 3142(c) authorizes the court to determine release in the first instance, it makes little sense to invest such authority in the judicial officer at the commencement of the proceedings, but prohibit the judicial officer from revoking that release unless the government has made a motion to do so. As one court has noted in the probation revocation context, "Nothing seems more unsuitable than a system in which the Court would be empowered to proceed on an alleged violation of a condition of supervised release only if the United States Attorney's Office exercised its prosecutorial discretion to place a decision in front of the Court." United States v. Wilson, 973 F.Supp. 1031, 1033 (W.D.Ok. 1997).

Our reading of section 3148(b) is also consistent with other statutes. For example, it is the probation or pretrial services officer's duty to report to the judicial officer, as well as the United States Attorney's office, any violation of the conditions of release, pursuant to 18 U.S.C. § 3154(5). That provision requires the officer to make a recommendation as to "appropriate modifications of release conditions." While the officer is not specifically asked to make a recommendation concerning revocation of release, nothing should prevent the court from deciding to issue a warrant to revoke

Mr. Timothy W. McTighe
Page 3

release based upon the information provided by the officer. Indeed, the Herrera reading ultimately restricts the authority of *the court*, not the officer.

While the court in Herrera gave little weight to the statutory duty of the officer to report to the court, it is neither reasonable nor likely that Congress would have intended that the court be helpless to act upon having been given notice of a violation of a condition imposed by the court, or that the offender is likely to flee or pose a danger to the community, without the intervention of the United States Attorney's office. (We note in passing that the Herrera court's invocation of the court's contempt authority as a remedy for the court would not be useful if new information is learned about risk of flight or danger, but no violation had occurred yet.)

The Herrera conclusion also raises significant separation of powers concerns. As courts have noted in the post-sentencing supervision context, relegating supervisory power to the United States Attorney "would be tantamount to abdicating the judiciary's sentencing responsibility to the Executive." United States v. Davis, 151 F.3d 1304, 1308 (10th Cir. 1998); United States v. Mejia-Sanchez, 172 F.3d 1172, 1174 (9th Cir. 1999); United States v. Bermudez-Plaza, 221 F.3d 231, 234 (1st Cir. 2000).

A more reasonable interpretation is that the officer's "petition" for revocation is in actuality the title of the form used by the officer to "report" to the court, as statutorily required, either by section 3603(2) for probation officers, or section 3154(5) for pretrial services officers. It is then up to the court to decide whether to initiate the proceeding by issuing the warrant or summons. This is in fact the interpretation of all the courts of appeal that have considered similar challenges to the probation officer's "initiation" of revocation proceedings concerning probation or supervised release. See, e.g., Davis, 151 F.3d at 1307; Mejia-Sanchez, 172 F.3d at 1174. It is therefore logical, viewed in this light, that the statute might specify the government's authority to "initiate" such proceedings, given that the government has no corresponding reporting duty, such as that of the officer.

The principle of the court retaining authority over those it has placed on supervision is fundamental. Indeed, one of the clearest pronouncements of the court's authority to control its supervision of offenders came from, by coincidence, the court of higher authority over the Herrera court. In United States v. Feinberg, 631 F.2d 388 (5th Cir. 1980), the Fifth Circuit held that a court could *sua sponte* revoke probation of an offender, even where the probation officer and the government had agreed that probation should not be revoked.

While there is no corresponding statute referring to the government's initiation of revocation proceedings for probation and supervised release, there have nonetheless been numerous challenges to the authority of probation officers to "initiate" such proceedings in recent years, prompted by a single case (similar to challenges prompted by Herrera). However, every district and circuit court that has considered these challenges has upheld the principle and practicality of the court retaining authority over

Mr. Timothy W. McTighe
Page 4

those whom it has placed on supervision, and have declined to make the court's authority to initiate revocation dependent upon government action. See, Mejia-Sanchez, 72 F.3d at 1174; Bermudez-Plaza, 221 F.3d at 234; United States v. Cofield, 233 F.3d 405, 408 (6th Cir. 2000); United States v. Bernardine, 2001 WL 15326 (11th Cir. (Fla.) Jan. 8, 2001); United States v. Wright, 2001 WL 30200 (4th Cir. (Va.) Jan. 12 2001); Davis, 151 F.3d at 1307; Wilson, 973 F.Supp. at 1033; United States v. Berger, 976 F.Supp. 947 (N.D.Ca. 1997); and United States v. Burnette, 980 F.Supp. 1429 (M.D.Ala. 1997). But see, United States v. Jones, 957 F.Supp. 1088 (E.D.Ark. 1997). These cases have also recognized that revocation proceedings are not new criminal proceedings, for which exclusive authority to initiate resides with the government. Davis, 151 F.3d at 1307; Mejia-Sanchez, 172 F.3d at 1175; Bermudez-Plaza, 221 F.3d at 234.

There are additional considerations relevant to choosing between competing readings of a statute. Both pretrial services and probation officers follow policies and procedures, and use forms (or their modifications), that have been approved by the Judicial Conference of the United States, the governing body for the federal judiciary. See, e.g., Guide to Judiciary Policies and Procedures (Guide), Vol. XII (Pretrial Services Manual), Chapter IX (Forms), Form PS-8 ("Petition for Action on Conditions of Pretrial Release"); Guide, Vol. X-XA (Probation Manual), Chapter XV (Forms), Form Prob 12 ("Petition on Probation and Supervised Release"). Their actions in reporting violations to the court therefore comply with federal judiciary policy.

Finally, the conclusion in Herrera does not comport with established practice. As the court noted, it is common practice for revocation proceedings to be commenced on notice by the pretrial services officer to the judicial officer of an apparent violation of the conditions of release. Indeed, a recent informal survey of 94 districts revealed that in the overwhelming majority of the districts (82), pretrial services officers make recommendations directly to the court regarding revocation without clearing their recommendation with the United States Attorney's office. That same survey, conducted in 1999 to determine the effect of the Herrera decision, revealed that the Herrera issue had been raised in 12 districts. In all but one of those 12 the court determined that either the court *or* the United States Attorney's office could initiate revocation proceedings.

I hope this discussion is helpful and informative, and that you will contact me if you have further questions in this regard.

Sincerely,

Catharine M. Goodwin
Assistant General Counsel

Mr. Timothy W. McTighe
Page 4

cc: Jeffrey Coopersmith, Assistant United States Attorney (fax: 206-553-0882)