

# THE SUPERVISION OF FEDERAL DEFENDANTS

Monograph 111
*Office of Probation and Pretrial Services*
*Administrative Office of the United States Courts*
*Revised September 2003*

# CHAPTER VI. MANAGING NONCOMPLIANT BEHAVIOR

## Introduction

### Overview

The desired outcomes of pretrial services supervision are for the defendant to (1) commit no crimes, (2) appear for all court hearings and (3) comply with court-ordered conditions of release. This chapter provides guidance on officer responses when alleged violations of release are detected.

The conditions of release establish the behavioral limitations with which the defendant must comply. Defendant actions that do not conform to the conditions of release constitute noncompliant behavior. *Management of noncompliant behavior is critical to effective supervision and to the reduction of unnecessary detention.*

Noncompliant behavior may consist of new criminal activity, failure to appear for court hearings, or failure to meet the requirements of other conditions, commonly known as a technical violation. Because noncompliant behavior can take many forms and may or may not entail substantial safety concerns, officers should be particularly attentive to the thoroughness and objectivity of their assessment, the judicious exercise of their authority, and their professional demeanor when addressing noncompliance with defendants. All responses are to be sufficient, but not greater than necessary, to bring this individual defendant into compliance.

Officers are expected to take the following actions in response to noncompliance:

- Intervene with both risk control strategies to hold the defendant accountable and to deter further noncompliance, and also with risk reduction strategies to help prevent further noncompliance and to promote success during the period of supervision. (See VI-4.)

- As required, report violations to the court and the U.S. attorney and recommend action proportionate to the degree and level of noncompliance. (See VI-7.)

- Document the noncompliance and each of the above actions in the chronological record. (See VI-9.)

### Philosophy

A judicial order that releases a defendant into the community pending trial, sentencing, or appeal requires the defendant to comply with certain conditions of release. These conditions are imposed by the court to reasonably assure that the defendant will appear as required and not endanger the safety of any person or the community.

Intervening early and effectively in response to noncompliant behavior can enhance the probability that the defendant will meet desired outcomes. To do nothing in response to any violation, no matter how minor, only invites further noncompliance and is therefore not an option.

Officers are to respond to <u>all</u> instances of noncompliance with a "two-pronged" approach that includes a combination of risk control and risk reduction interventions.

- Risk control interventions are directed at deterring future noncompliance by ensuring that the defendant is held accountable for his or her actions and knows that future noncompliant behavior will result in swift and escalating negative consequences.

- Risk reduction interventions are directed at preventing future noncompliance by assisting the defendant through information, education, training, counseling or treatment to remove obstacles to compliance with conditions and to bring about positive changes in behavior.

Research indicates that this use of both risk control <u>and</u> risk reduction strategies is more effective than selecting one strategy over the other.[15] The selection of the appropriate blend in the individual case is to be guided by the principles described in the next section and the intervention framework discussed at VI-4.

**Principles**

When noncompliance is detected, officers have a responsibility to *intervene* as well as to report and continue to monitor and assist. The standard for selecting appropriate interventions is that they be (1) authorized by the conditions of release, and (2) sufficient—but not more restrictive than necessary—to reach the desired outcomes in the individual case. The response is further to be purposeful and proportionate, multidimensional, certain and timely, and graduated.

> ***Purposeful and Proportionate***: Interventions are to be directed towards the defined objectives of supervision as determined by the initial and ongoing assessments, and guided by the need to:
>
> - protect the community;
> - assure appearance in court; and
> - promote compliance with court orders.
>
> Interventions should further relate to the nature and degree of the noncompliant behavior and to the context in which the behavior occurs. Contextual elements to be evaluated include the past history of the defendant, his/her overall adjustment during this period of supervision, and the circumstances surrounding the current instance of noncompliance. Because of these factors, an intervention used for one defendant may not be appropriate for another even if both engaged in the same conduct.
>
> ***Multidimensional***: The intervention is to be two-pronged, that is incorporating both risk control and risk reduction strategies. The two types of strategies are to be combined in a blend suited to the circumstances of the case.
>
> ***Certain and Timely***: Officers should begin to investigate immediately upon learning of a potential violation, and develop interventions that have some elements they can implement

---

[15] J. Petersilia, "Intermediate Sanctions: What Have We Learned?" in *Perspectives on Crime and Justice: 1997-1998 Lecture Series* (National Institute of Justice 1998) p. 89.

swiftly under existing conditions. For example, if a defendant's current conditions provide for substance abuse testing—but not treatment—officers can increase the frequency of testing and explore treatment options with the defendant while awaiting the court's decision on a request to add a treatment condition.

***Graduated***: Repeated incidents of noncompliance are to be addressed by increasingly more intensive, or graduated interventions.

### Statutory Provisions for Responding to Violations

A defendant who violates one or more of the conditions of release is subject to modification of conditions, a revocation of release, an order of detention, and prosecution for contempt of court.

- Title 18 U.S.C. § 3142(c)(3) authorizes the court to amend the release order at any time to impose "additional or different conditions of release."

- Title 18 U.S.C. § 3148 (b) provides that the attorney for the government may initiate a revocation proceeding by filing a motion with the court. Judicial officers are to enter an order for revocation and detention if, pursuant to a hearing, the court finds (a) that there is probable cause to believe the defendant committed a crime while on release or clear and convincing evidence of any other violation and (b) that there is no condition or combination of conditions that will assure that the person will not flee or pose a danger or that the defendant is unlikely to abide by any condition or combination of conditions.

- Title 18 U.S.C. § 3148 (c) provides that the court may commence a prosecution for contempt.

Further, separate charges may be filed for failure to appear (18 U.S.C. § 3147) or for any federal offense committed by the defendant while on release (18 U.S.C. § 3147). Charges under these provisions can result in additional terms of imprisonment to be imposed consecutive to the sentence of imprisonment for any other offense.

### Supervision Response to Apparent Violations

**Investigate**

When officers become aware of an apparent violation, they are to conduct a thorough investigation by obtaining relevant documentation and interviewing appropriate parties to verify the information received and explore the context. Activities may include contact with the defendant, defense counsel, law enforcement, and other relevant parties.

## Assess and Plan for Supervision Interventions

All instances of noncompliance require a two-pronged intervention by the officer, but these can range from interventions within the officer's authority to implement under existing conditions, to requests to the court for additional conditions of release, to recommendations for the revocation of release. The selection of appropriate risk control and risk reduction interventions is to follow the principles for responding to noncompliance (see VI-2).

*The Intervention Framework*: What follows is a two-level advisory framework that offers a concrete example of proportional, multidimensional, timely and graduated noncompliance principles in action. Its purpose is to stimulate greater creativity concerning the various types of interventions that could be usefully employed to work with defendants to bring them into compliance. The framework provides examples of lower risk and higher risk violations. For each, it provides a non-exhaustive list of illustrative responses.

| LOWER-RISK VIOLATIONS: EXAMPLES                                                                                                                                                                                                                        ||
| *Note: The lower-risk category applies to the first instance of the behavior*                                                                                                                                                                          ||
| - Change job without permission/failure to report change<br>- Failure to report as directed to pretrial services<br>- Failure to seek and/or maintain employment<br>- Failure to follow officer instructions<br>- Moving without permission | - Driving offenses (excluding DUI and petty offenses)<br>- Failure to abide by rules and regulations of CCC/CTC<br>- Minor home confinement violation<br>- Failure to comply with drug testing<br>- Incidental travel without permission<br>- Other non-recurring technical violations |
| ILLUSTRATIVE RESPONSES                                                                                                                                                                                                                                 ||
| RISK CONTROL INTERVENTIONS<br>(A non-exhaustive list) | RISK REDUCTION INTERVENTIONS<br>(A non-exhaustive list) |
| ✓ Reprimand Orally<br>✓ Reprimand in writing<br>✓ Warn of consequences<br>✓ Set limits<br>✓ Establish deadlines<br>✓ Assign minor restrictions<br>✓ Establish behavioral expectations<br>✓ Increase reporting<br>✓ Increase monitoring<br>✓ Conduct drug/alcohol test | ✓ Review conditions<br>✓ Counsel/provide direction<br>✓ Provide job assistance<br>✓ Make social service referrals<br>✓ Refer to self-help group<br>✓ Provide budget/financial counseling<br>✓ Provide or refer for marriage counseling, parenting skills, life skills, etc. |

| HIGHER-RISK VIOLATIONS: EXAMPLES ||
|---|---|
| • Pattern of violations from lower risk list<br>• Refusal to surrender passport/ Obtaining a new passport<br>• Any allegation of criminal behavior<br>• Risk-related travel without permission<br>• Criminal association<br>• Illegal drug use/alcohol abuse | • Employment involving third-party liability<br>• Serious or repeated home confinement violation<br>• Failure to appear/absconding<br>• Rearrest<br>• Threatening witness, juror, or court officer<br>• Refusal to participate in treatment |
| ILLUSTRATIVE RESPONSES ||
| RISK CONTROL INTERVENTIONS<br>(A non-exhaustive list) | RISK REDUCTION INTERVENTIONS<br>(A non-exhaustive list) |
| ✓ Compliance meeting in office<br>✓ Staffing w/SUSPO or Manager<br>✓ Letter of warning, written reprimand<br>✓ Intensive supervision<br>✓ Increased drug testing<br>✓ Curfew (with or without EM)<br>✓ Home Detention (with or without EM)<br>✓ Placement in CCC for monitoring<br>✓ Revocation (Optional) | ✓ Review conditions/re-instruct<br>✓ Provide/increase counseling<br>✓ Establish behavioral contract<br>✓ Enlist support of defense counsel<br>✓ Refer to outpatient counseling<br>✓ Refer to intensive outpatient treatment<br>✓ Refer to inpatient services<br>✓ Expand delivery of social services<br>✓ Refer for medical/psychiatric consultation<br>✓ Place in CCC for services<br>✓ Refer for budget/financial services<br>✓ Refer to self-help group<br>✓ Provide/refer for employment assistance<br>✓ Enlist collateral support<br>✓ Refer for anger management sessions |

**Applying the Framework:** The framework provides a general model based on the types of responses that are ordinarily appropriate for various levels of noncompliance. In the business of supervising defendants, however, there is always the need to individualize the intervention based on an assessment of the implications for public safety and nonappearance given the overall circumstances of the defendant and the context in which the violation occurred. Officers should work collaboratively with their supervisors and specialists, as appropriate, to discuss possible interventions and to seek advice and support. This is particularly true as the gravity of the noncompliance increases, and the choice of appropriate interventions narrows.

Officers are encouraged to be innovative in their approach and creative in crafting responses suited to the situation, while selecting responses from both prongs: risk control and risk reduction strategies. Give thought to what is likely to be experienced as a negative consequence by this particular defendant as well as the most likely causes of this behavior that need to be addressed to avoid further violations. The goal is to appropriately blend and tailor strategies to provide what this defendant needs to successfully reach the desired outcomes.

In making these determinations, officers should consider the purposes of each available strategy. The purposes of some common community-based *risk control* strategies are as follows:

Reprimands and Warnings serve primarily to put the defendant on notice that the misconduct has been detected and that additional steps will be taken if there is a recurrence. They may be oral and/or written, with or without copies to the court and/or counsel. The content of the warning is to be guided by the intervention framework and the officer's assessment of the type of next least intrusive intervention that is likely to be perceived as a disincentive by the particular defendant.

Increased Reporting Requirements serve to clarify for the defendant that not complying with conditions will result in more burdensome requirements to document his or her activities.

Compliance Conferences provide for a more formal reprimand/warning at which the combined presence of officer, defense attorney, defendant and supervisor emphasizes the seriousness with which the noncompliance is viewed, and the multilateral support for required interventions.

Increased Restrictions make it clear to the defendant that not complying with conditions will result in more limitations on personal freedom (e.g., travel denial, curfew, home confinement).

Increased Overt Monitoring Activities make it clear to the defendant that the monitoring is being intensified (e.g., increased testing for substance use; more frequent home and community contacts, employment search verification). Reporting and increased surveillance of which the offender is not aware is not an intervention and so does not satisfy the requirement to implement a risk control strategy.

The purposes of some common community-based *risk reduction* strategies are as follows:

<u>Re-instruction</u> provides clear guidance to the defendant as to exactly what must be done to avoid a recurrence of the noncompliance. The re-instruction may be oral and/or written; be formalized through behavioral contracts; and/or include such things as requiring the defendant to attend another orientation meeting.

<u>Social Services/Education/Training</u> provide the defendant with additional information, skills and resources. These may be provided by the officer, by specialists on staff, or via referral to contract or non-contract providers in the community.

<u>Therapeutic Assessment</u> serves the primary purpose of providing both the defendant and the officer with information about the nature and extent of a suspected substance abuse or mental health problem. The assessment should provide a recommendation for the most appropriate form of remedial counseling/treatment. Assessments are always to be followed by appropriate action as indicated by the results.

<u>Counseling/Treatment</u> provides the defendant with professional assistance in overcoming an identified substance abuse or mental health problem. The intensity will vary by approach (outpatient/inpatient) and session frequency and/or length of stay.

## Reporting

**Standards**

Pursuant to 18 U.S.C. § 3154(5), officers must "[i]nform the court and the United States attorney of all apparent violations of pretrial release conditions, arrests of persons released to . . . or under the supervision of providers of pretrial services, and any danger that any such person may come to pose to any other person or the community, and recommend appropriate modifications of release conditions."

*Unless otherwise directed by the court,* this does not mean that the judicial officer and United States attorney need be notified every time a defendant does not comply with the officer's instructions. Although officers are to *intervene* in *every* instance of noncompliance—no matter how minor— they have discretion to *report or not report* acts of technical noncompliance that, after investigation, they assess to fall in the "lower-risk" tier of the framework. Examples of these are a missed appointment or a minor curfew violation, or other non-recurring lower-risk violations (see framework at VI-4) that have been or are being resolved by officer interventions undertaken under the authority provided by current conditions. Officers should seek the advice of the supervisor or specialists if there is any question about whether to report a violation.

Conversely, the officer shall immediately advise the court and the United States attorney if the defendant is arrested or, after a timely investigation, assessed to have engaged in conduct that constitutes an apparent violation that poses a higher risk of nonappearance or danger to the community (see framework at VI-5).

### Oral and Written Reports

In circumstances where the defendant poses an *immediate* danger to the community, or is an immediate risk of nonappearance, the officer may orally notify the court and United States attorney of the apparent violation. Oral notification is to be followed by a written report as soon as possible. A written record of the violation report is necessary because the court may need the information at a hearing to decide whether to continue release or to detain the defendant. Also, the defendant's performance on release might be a factor that the court considers at sentencing.

### Violation Report for the Court

A violation report to the court should include:

- the defendant's release status, the date the conditions were ordered, the name of the judicial officer who ordered them, and the type and date of the next scheduled court hearing;

- a complete description of the facts regarding the apparent violation(s) or changed circumstances;

- a summary of the defendant's compliance with release conditions, including the results of a criminal record check;

- a summary of the officer's activities to address and resolve the defendant's noncompliant conduct; and

- a recommendation.

    *No Judicial Intervention Requested* would be the appropriate recommendation in those cases where the officer's interventions permitted under current conditions are considered sufficient to bring the defendant into compliance.

    *Request for Modification of Conditions* would be the appropriate recommendation when the defendant is not in compliance—and the officer's attempts to bring the defendant into compliance have not been successful, but additional conditions have been identified that the officer believes are sufficient to reasonably assure the defendant's appearance and community safety.

    *Request for Revocation* would be the appropriate recommendation when the officer determines that no modification of conditions can reasonably assure the safety of the community and the appearance of the defendant. [See 18 U.S.C. § 3148(b) for revocation procedures.] When requesting a violation hearing, the officer should also request either that the court issue a summons to appear or an arrest warrant. Warrants should only be requested when there is an immediate risk of danger or nonappearance, or when it is believed that the defendant will not appear voluntarily.

Revocation is a last resort to be used when community-based alternatives have been deemed ineffective or insufficient to reach the desired outcomes of supervision. Officers are encouraged to staff cases with specialists and the supervisor, particularly before recommending revocation.

### Documentation

Appropriate file documentation assists officers in managing their caseload, facilitates effective and efficient supervisory review, and builds a clear record to support more intrusive responses to any subsequent noncompliance.

Each instance of noncompliance, and the response to that noncompliance, must be documented clearly and concisely in the chronological record. The entry is to identify the nature of the noncompliance and the required risk control and risk reduction elements of the intervention.

Example:

---

**Noncompliant Behavior:** Defendant tested positive for THC on 1/1/04.

**Risk Control Action:** Defendant required to report to office. Drug testing increased to once a week. Court to be notified.

**Risk Reduction Action:** Reviewed conditions of supervision and elements of program plan. Discussed additional sobriety support systems.

---

# TIPS FOR MANAGING NONCOMPLIANT BEHAVIOR

★ Always use a two-pronged approach (risk control and risk reduction) to manage acts of noncompliance.

★ Respond to all instances of noncompliance, no matter how minor.

★ Make sure that your defendant understands both the risk control consequence for his misconduct and the risk reduction intervention to be employed.

★ Manage noncompliance with a focus on the defendant's success.

★ Use the Suggested Interventions Model as a reference.

★ Remember that interventions should be the least restrictive necessary to achieve the goals of supervision. They also must be authorized, timely, proportionate, and graduated.

★ Collaborate with your supervisor to assist in the selection of interventions, and to meet with the defendant to redirect behavior.

★ Call upon the expertise of staff specialists to help guide the implementation of risk control and risk reduction strategies.

★ Remember to enter a summary of your case staffings (specialist and/or supervisor) in the chronological record.

★ Be familiar with legal opinions that may affect options or procedures.

★ Make sure that your violation reports clearly provide a complete description of the facts regarding the apparent violation.

★ Make sure that your violation reports clearly set forth the intervention strategies you took or recommend.

★ Confer with the United States Attorney's Office to ensure proper preparation for violation hearings.