```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA   )
                           )
        v.                 )        CRIMINAL NO. 04-10031-WGY
                           )
JAMES E. REID              )
```

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO GOVERNMENT'S MOTION FOR REVOCATION OF CONDITIONS OF RELEASE AND MOTION FOR DETENTION

Defendant, James E. Reid, submits this Memorandum of Law in opposition to the Government's motion to revoke his conditions of release.

### INTRODUCTION

The Government has moved to revoke defendant's conditions of release pursuant to Title 18, United States Code Section 3148(a) and (b). Specifically, the Government alleges that Reid violated his conditions of release by committing a federal, state, or local crime while on pretrial release. <u>See</u> Government's Motion for Revocation of Conditions of Release and Motion for Detention. The Government's motion should be denied because the only evidence presented points to an alleged violation of <u>foreign</u> law that is outside the jurisdiction of this Court. Because neither Section 3148 nor any express condition of defendant's pretrial release order prohibit this conduct, the defendant has not violated any of the terms of his pretrial release, and this Court must deny the Government's motion.

**ARGUMENT**

Title 18, Section 3148(b) defines the limited circumstances in which the court could revoke defendant's pretrial release. Specifically, section 3148 requires revocation and detention if, and only if, the judicial officer

>  (1) finds that there is--
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
>  (2) finds that –
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b) (emphasis added).  Thus, the judicial officer must find, at minimum, both one factor from 3148(b)(1) and one factor from 3148(b)(2).[1]

---

[1] Notably, the Government did not move under 18 U.S.C. § 3148(b)(1)(B) which proscribes violation of other terms or conditions of release.  Therefore, this Court must find that there is probable cause to believe Reid committed a federal, state, or local offense in order to proceed to Section 3148(b)(2).

The relevant terms are defined in Section 3156(a) of Title 18. Specifically, "offense" is defined in relevant part as "any criminal offense . . . which is in violation of an Act of Congress and is triable in any court established by Act of Congress." 18 U.S.C. § 3156(a)(2). Furthermore, a "State" is defined as "a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States." 18 U.S.C. § 3156(a)(5). Accordingly, the statutory authority to revoke a defendant's pretrial release, based upon a finding of probable cause that the defendant committed a new offense, is limited to conduct that violates a federal, state, or local law and does not extend to conduct that may violate the laws of another country. See 18 U.S.C. § 3156(a)(2).

1. The Government Presented No Evidence to Support a Finding that Defendant Violated Federal, State, or Local Law.

In this case, the Government failed to present any evidence to support a finding that the defendant committed a crime that may be prosecuted under any federal, state, or local law of the United States.[2]

---

[2] Defendant notes that the Government's motion for revocation fails to identify the "federal offense" that defendant allegedly committed and in fact only alleges that "defendant faces additional prosecution for the new offenses in Canada." See Government's Motion for Revocation of Conditions of Release and Motion for Detention, at ¶¶ 4 & 6. Moreover, at the evidentiary hearing held on the instant motion, the Government

The Government called Paul Barber, President of Prophix Software, Inc. as its sole witness at the revocation hearing.  Barber testified that Prophix is based in Mississauga, Ontario, Canada, and that all of its employees are Canadian.[3]  He further testified that Prophix employed the defendant as an interim Vice President of Sales and Marketing.  Barber testified regarding an alleged contract between Prophix and Epicor Software valued at $8,275,000.00.  Epicor is based in Irvine, California.  In brief, Barber testified that the defendant presented a purported contract between Prophix and Epicor to Prophix management and that Prophix officers were subsequently told that the signature of the Epicor officer which appeared on the contract was a forgery.  Barber also testified that no one at Epicor had any knowledge of the alleged contract.  Moreover, Barber testified that Prophix concluded that Epicor had absolutely no contact with the defendant and the entire contract was a fiction.  No evidence was presented as to who wrote the forged signature.  Barber testified that Reid's actions caused Prophix to suffer financial

---

failed to illicit or proffer any testimony regarding the specific "federal offense" Reid is alleged to have violated.

   [3] Reid is a Canadian citizen.

losses.  Finally, the Government elicited no testimony regarding any detrimental effect on Epicor from defendant's actions.[4]

Accordingly, all actions attributable to Reid occurred in Canada, effected only Canadian interests, and produced no effects within the United States.  Consequently, this Court or any other state or local court is without jurisdiction to prosecute Mr. Reid for his alleged conduct.  *See* United States v. Columba-Colella, 604 F.2d 356, 358-59 (5th Cir. 1979)(no basis for jurisdiction over non-citizen for acts occurring outside United States that produce no effects within United States).  In Columba-Colella, a British citizen living in Mexico knowingly sold a stolen motor vehicle to another person in Mexico.  At the time of the sale, the defendant knew that the vehicle had been stolen in El Paso, Texas.  The Fifth Circuit held that under the "objective territorial theory" of jurisdiction, before a state can attach criminal consequences to extraterritorial acts, the acts must be intended to produce and produce effects within the jurisdiction.  Columba-Colella, 604 F.2d at 358-59 citing Strassheim v. Daily, 221 U.S. 280 (1911)(emphasis added).

---

[4] In fact, the Government introduced into evidence an affidavit from John Hiraoka a Senior Vice President of Epicor and a purported signatory to the contract between Epicor and Prophix. In his affidavit, Mr. Hiraoka avers that he never negotiated with Reid, never spoke with Reid, never met Reid, never corresponded with Reid, and never signed the purported contract. See Affidavit of John Hiraoka, ¶ 5.

Here, the evidence presented, and in fact the full thrust of the Government's position, is that Mr. Reid created a purported deal with a United States company out of whole cloth. That is to say, the Government's position is that Mr. Reid never spoke with anyone at Epicor, Mr. Reed never met with anyone at Epicor, Mr. Reed never contacted anyone at Epicor, and Mr. Reed, on behalf of Prophix, did not enter into a contract with Epicor. Accordingly, Mr. Reid's actions, as delineated by the Government, are simply alleged criminal acts by an alien on foreign soil. The United States and its courts have no jurisdiction over such conduct. Columba-Colella, 604 F.2d 356 (1979). Therefore, there is no basis for this Court to find that Mr. Reid committed a new federal, state, or local offense as those terms are defined in Title 18, United States Code, Section 3156(a). Since Reid has not violated any of the statutory factors contained in §3148(b)(1), the Government's motion to revoke his conditions of pretrial release should be denied.

2.   The Government Has Not Shown That Reid Is A Flight Risk.

The government has not produced any evidence showing that James Reid is a flight risk and unlikely to appear for his trial in this case. The defense has proffered evidence that the defendant complied with his reporting conditions to the Pretrial Services Agency office in Buffalo, New York, which required that he report by telephone on a weekly basis. Moreover, the

circumstances of how the defendant came to be arrested on the warrant issued by this court on November 30, 2005 show that the defendant intends to appear for trial in this case and defend against the charges here.  The government bears the burden of showing that the defendant poses a risk of flight.  In order to detain the defendant on the ground that he poses a risk of flight, this court must find by clear and convincing evidence that there is no condition or combination of conditions of release that will assure that he does not flee.

The mere existence of an opportunity for the defendant to flee is not sufficient reason for this Court to find that he will in fact flee.  Reid has posted a substantial cash bail of $15,000 in this case.  The government's evidence shows that he can ill afford to lose this money and has no incentive to forfeit it.  In <u>Truong Dinh Hung v. United States</u>, 439 U.S. 1326 (1978), Mr. Justice Brennan construed the requirements of then-18 U.S.C. §3148, the statute on revocation of bail pending appeal, on an appeal of a trial court's revocation of bail after trial.  Justice Brennan's review, sitting as a single justice, was for an abuse of discretion by the lower court, a highly deferential standard of review.  The applicant Hung had been convicted of espionage, conspiracy to commit espionage, theft of government property, conspiracy to convert government property, acting as a foreign agent without registration, and unlawful transmission of

defense information and had been sentenced to 15 years' imprisonment.  Hung was a Vietnamese citizen who resided in the U.S.  He had posted $250,000 bail, represented by the equity in a home, and had been in compliance with his appearance conditions up to the time of the verdict against him.  The trial judge revoked his bail on the ground that the length of sentence he faced coupled with his foreign citizenship rendered him a flight risk. 439 U.S. at 1327.  On review, Justice Brennan determined that the evidence of potential flight was insufficient to justify the revocation of Hung's bail:  "the evidence referred to by the Court of Appeals is that [Hung] maintained contact with the Vietnamese Ambassador in Paris; that he not established a permanent residence in this country; and that, should [he] flee to Vietnam, the United States would have no means to procure his return.  But if these considerations suggest opportunities for flight, they hardly establish any inclination of the part of [Hung] to flee.  And other evidence supports the inference that he is not so inclined."  Id. at 1329.

In this case, Reid has not even been convicted of the pending offenses for which he is on bail; he has not been charged in an American court with any crimes arising from the allegations which are the subject of this hearing, nor can he be.  The government's arguments that Reid poses a flight risk are entirely speculative

and not based on any factual foundation supporting an inference of his intent to evade prosecution in this court.

3.  Preventive Detention Is Not Available On The Facts Of This Case.

The Bail Reform Act does not authorize preventive detention in the circumstances presented in this case. Reid is not charged with an offense listed in 18 U.S.C. §3142(f)(1). Nor has the government adduced evidence supporting a conclusion that Reid is a flight risk or will attempt injure or intimidate a government witness. §3142(f)(2). In this circuit, where a defendant is not charged with a crime for which preventive detention can be sought under §3142(f)(1), and where subsection (f)(2) does not apply, the court must set release conditions. United States v. Ploof, 851 F.2d 7 (1st Cir. 1988). In this case, Reid is charged with fraud; his alleged violations of release also involve fraud. Under these circumstances, preventive detention cannot be imposed. See United States v. Bistrian, 2005 U.S. Dist. LEXIS 8362 (E.D. Pa. April 8, 2005)(holding that committing a fraud crime while on release in a fraud case cannot alone justify revocation of release).

JAMES E. REID
By His Attorneys,


/s/ Syrie D. Fried
Syrie D. Fried
   B.B.O. #555815
/s/ Stellio Sinnis
   B.B.O. #560148
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02210
Tel: 617-223-8061