UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                             )
UNITED STATES OF AMERICA     )
                             )
          v.                 )      Criminal No. 04-10031-WGY
                             )
JAMES EDWARD REID            )
_____)
```

**GOVERNMENT'S MOTION FOR PRE-TRIAL VIDEOTAPED DEPOSITION**

The United States of America moves this Court pursuant to Rule 15 of the Federal Rules of Criminal Procedure for an Order that the testimony of PIERRE BEAUDOIN and PIERRE LORTIE be taken by videotaped deposition prior to the trial of this matter. For reasons set forth below, the Government further requests that the depositions be accomplished with the parties, including the defendant and his counsel, present in Boston and the witnesses in Canada available by video conference.[1]

Rule 15(a)(1), Fed.R.Crim.P. provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

The Government submits the following for this Court's consideration:

---

[1] As discussed below, the videotaped depositions may be accomplished with this Court presiding, or alternatively may be preserved for subsequent rulings by this Court.

1. Defendant Reid is charged with wire and mail fraud in connection with his employment as a sales executive for Firepond, Inc., a software development company formerly located in Waltham, Massachusetts. Reid is charged with creating and submitting three fictitious sales contracts to Firepond aggregating approximately $4.8 million, thereby attempting to, and in fact collecting, commissions from the purported "sales." The most significant fictitious contract was in the amount of approximately $3.6 million in the name of Bombardier, Inc., a large Canadian corporation.

2. PIERRE BEAUDOIN is the Executive Vice-President of Bombardier, Inc., and President and Chief Operating Officer of Bombardier Aerospace.[2] A signature in his name appeared on the purported Bombardier contract submitted by Defendant REID to Firepond. BEAUDOIN will testify that Bombardier never had any sales contract with Firepond and that the signature in his name is a forgery.

3. PIERRE LORTIE is the former President and Chief Operating Officer, Transportation Division, of Bombardier, Inc.[3] In an email and in a staged telephone call from Firepond purportedly to Bombardier, Defendant Reid identified LORTIE as the contact at Bombardier. LORTIE will testify that he never had any dealings with Reid and that he did not participate in any phone call regarding a Firepond sales agreement.

4. PIERRE BEAUDOIN and PIERRE LORTIE have each expressed their willingness to cooperate in the trial of this matter, but have advised that they cannot be available in Boston during the scheduled trial due to their

---

[2] In addition to his position as Executive Vice-President, Mssr. Beaudoin is a member of the Board of Directors of Bombardier, Inc. As COO of Bombardier Aerospace, he is responsible for all operations and product divisions of the world's third largest civil aircraft manufacturer.

[3] Mssr. Lortie is currently: Chairman of the Board of Lyrtech Signal Processing, Inc. in Quebec, Canada; Director of Canam Group. Inc. in Quebec, Canada; Director of Country Style Food Services, Inc. in Ontario, Canada; Director of DynaPlas Ltd. in Ontario, Canada; and a Special Investor for CAI Private Equity & Partners in Toronto and Montreal, Canada.

   extreme scheduling conflicts with prior business
   commitments.  <u>See</u> cases collected in accompanying
   Memorandum of Law.

5. PIERRE BEAUDOIN and PIERRE LORTIE are citizens of
   Canada and their presence at trial cannot be compelled
   by subpoena.

6. The testimonies of PIERRE BEAUDOIN and PIERRE LORTIE
   are critical to proof of the authenticity, or lack
   thereof, regarding the Bombardier contract submitted to
   Firepond by defendant Reid.

7. By letter dated November 23, 2005, the Government
   sought stipulation of testimony from the defendant, or
   in the alternative an agreement to preserve testimony
   by videotape deposition in advance of trial, and
   advised of certain dates in December when PIERRE
   BEAUDOIN agreed to be available in Montreal, Canada.
   The defendant ostensibly agreed to the taking of
   videotaped deposition, but defense counsel advised she
   could not be available on the prospective dates.

8. Defendant Reid is a Canadian citizen who has prior
   convictions for fraud, and is prohibited from moving
   between Canada and the United States without special
   clearance from the United States Office of Homeland
   Security.

9. On December 1, 2005, defendant Reid was arrested in
   Boston pursuant to arrest warrant issued by this Court
   (Magistrate Judge Bowler) upon application by the
   Pretrial Services Office alleging  commission of new
   offenses while on release pending trial in this case.
   The new offenses mirrored the charges in the Indictment
   and the Government sought the defendant's detention
   pending trial.  The Magistrate Judge revoked the
   previous conditions of release and ordered, in lieu of
   detention in custody of the U.S. Marshal, that
   defendant Reid remain in the United States and reside
   under halfway house supervision at the Coolidge House.

10. The Government made inquiry to the Department of
    Justice, Office of International Affairs and was
    informed that because Reid has prior convictions, is
    pending criminal prosecution in the United States, and
    is under restrictions amounting to a form of custody of
    the United States District Court, Canada would not

      permit Reid to enter Canada for purposes of attending the subject depositions. <u>See</u> discussion in accompanying Memorandum of Law regarding taking of deposition where foreign country will not admit defendant.

11. The Government anticipates that the videotaped depositions of PIERRE BEAUDOIN and PIERRE LORTIE could each be accomplished in 30 minutes, or less.

WHEREFORE, the Government moves this Court for an Order that depositions by videotape be taken of witnesses PIERRE BEAUDOIN and PIERRE LORTIE; the Government further requests that the depositions be accomplished with the parties, including the defendant and counsel, present in Boston and the witnesses present in Canada.

Respectfully submitted this 3rd day of January, 2006.

                                MICHAEL J. SULLIVAN
                                UNITED STATES ATTORNEY

                    By:  <u>/s/ Victor A. Wild</u>
                         VICTOR A. WILD
                         Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Syrie Fried, Esq., Office of Federal Public Defender, 408 Atlantic Avenue, Boston, MA via Electronic Filing this 3rd day of January, 2006.

                              <u>/s/ Victor A. Wild</u>
                              VICTOR A. WILD
                              Assistant U.S. Attorney