UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
UNITED STATES OF AMERICA         )
                                 )    Criminal No. 04-10031-WGY
            v.                   )
                                 )
JAMES EDWARD REID                )
_____  )

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR PRE-TRIAL VIDEOTAPED DEPOSITION**

The United States submits this Memorandum of Law in support of its Motion For Pre-Trial Videotaped Deposition of witnesses PIERRE BEAUDOIN and PIERRE LORTIE.

**MEMORANDUM**

Prospective witnesses may be deposed in order to preserve testimony for trial in situations of exceptional circumstances and in the interest of justice.  Fed.R.Crim.P.15(a)(1) provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice.  If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

The use of deposition testimony is the exception rather than the norm because of the potential for an impact upon the defendant's Sixth Amendment confrontation rights.  See, e.g., United States v. Huang, 827 F.Supp. 945, 948 (S.D.N.Y. 1993); United States v. Mann, 590 F.2d 361, 365 (1st Cir. 1978).  The Confrontation

Clause ensures that the defendant is able to confront witnesses face-to-face and to conduct rigorous cross-examination under oath. See United States v. McKeeve, 131 F.3d 1, 8 (1st Cir. 1997). Consequently, in the case that a deposition is used for trial, the defendant has the right to be present during the deposition and confront the witness, unless he waived the right or forfeited it through misconduct.[1] See id.

In this case, the Government is unable to make the witnesses available at time of trial for a number of reasons constituting exceptional circumstances which justify the use of deposition testimony.  Here, the Government has inquired into the witnesses' willingness and availability to testify and has encouraged the witnesses to testify in person at Boston.  Arrangements were proposed by the Government to reasonably accommodate the witness' schedule and reimburse travel expenses.  However, each witness is an executive officer of one or more major foreign company(ies)and accordingly has an exceptionally busy work schedule.  More particularly, each witness resides in Canada and neither the Government nor this Court can compel him to testify in the United States.  See, United States v. Kelly, 892 F.2d 255, 260, 263 (3d Cir. 1989)(videotaped deposition taken in Belgium without

---

[1]  As set forth in the Government's motion, as the result of commission of new offenses while under previous conditions of release, the defendant is now under conditions of release which include a form of quasi-custody and other restrictions.

1

defendant's presence admitted at trial where foreign nationals unwilling to travel to U.S. and government had no power to enforce a subpoena requiring foreign national to appear).[2]  As set forth in the Government's motion, it is crucial that the fact finder in this case have the testimony of each witness.[3]  As set forth in the Government's motion, it is anticipated that the deposition testimonies will be neither lengthy nor complex, and will neither extend the length of the trial nor confuse the jury. In the interest of time, reasonableness, and justice, it is therefore appropriate that the witnesses' testimony be presented to the jury by the way of videotaped deposition, which may offer "the only practicable means of procuring critical evidence." McKeeve, 131 F.3d at 8.

Assuming this Court were to find that the depositions are warranted in the interest of justice,[4] and grants the

---

[2]    Unlike the witness in Mann, the witnesses here have long been outside the jurisdiction of the federal government and are permanent residents of a foreign nation.  Cf. Mann, 590 F.2d at 366 (finding that the government should not have been allowed to use deposition testimony of witness it permitted to leave the country immediately afterwards with no intention of returning).

[3]    Reid used the purported signature of Pierre Beaudoin on behalf of Bombardier to present a purported successful sales agreement to his employer, Firepond.  Likewise, Reid used the name and identification of Pierre Lortie as purported confirmation of the authenticity of that contract.

[4]    It may be that the defendant will not oppose the taking of depositions in this case. Defense counsel previously appeared agreeable, subject to scheduling, but is not bound by that response.  Defense counsel was not available for further consultation at the time this motion was prepared.  Defense co-counsel could not commit on behalf of lead defense counsel.

Government's motion to depose, the issue of the defendant's physical presence at the deposition must then be addressed. Certainly, there are two unique circumstances in this case: the first is that the witnesses to be deposed are beyond federal jurisdiction, and the second is that the defendant is under federal jurisdiction and in under court orders constituting a form of quasi-custody. Because the defendant has a right to confront the witnesses, ordinarily he would be taken to the deposition at a location under the supervision of the officer who has custody of him. See Fed. R. Crim. P. 15(c)(1). When the deposition is taken in a domestic setting, this is not problematic. However, in this case, the witnesses will be in Canada, where providing for the defendant's presence may be difficult or impermissible.

In situations where such a deposition is taken in a foreign country that denies or disallows the defendant's attendance at the deposition, courts have allowed an exception to the traditional right of the defendant to be physically present at the proceeding to directly confront the witness face-to-face. See Christian v. Rhode, 41 F.3d 461, 466 (9th Cir. 1994) (discussing a line of cases creating a narrow exception when a defendant's presence was prohibited by the foreign nation). This exception triggered after the "government undertake[s] diligent efforts to facilitate the defendant's presence." McKeeve, 131

2

F.3d at 8; accord Christian, 41 F.3d. at 467 (finding that the state made no effort to secure defendant's presence at the Cayman Islands and therefore violated his confrontation rights but declining to lay down a general standard for the efforts required of the prosecution in similar cases). Once these efforts – which need not be "heroic" but in good faith – prove fruitless as a result of the foreign nations' actions or laws which preclude the defendant's presence, the court must determine on a case-specific basis whether an alternative scheme can preserve the defendant's confrontation rights. See McKeeve, 131 F.3d at 8.

Typically, arranging for the defendant to have the capability for live monitoring of the deposition and consultation with counsel will suffice. See id (described more fully in the following paragraph); Kelly, 892 F.2d at 263 (holding that videotaped depositions taken in Belgium with defense counsel and an American judge present, an open telephone line for defendants to participate in the proceeding, and private telephones for defendants to confer with their attorneys did not violate right of confrontation).

For example, in McKeeve, the government offered to transport the defendant and his counsel to the United Kingdom for a videotaped deposition. See id. at 7. The British authorities, however, refused to assume temporary custody of McKeeve from the U.S. Marshals Service so he could attend the deposition and also

prohibited the videotaping of depositions.  <u>See</u> <u>id</u>.  Under those circumstances, the First Circuit upheld the constitutionality of a deposition conducted with the defendant's attorney present and with two telephone lines installed in defendant's prison cell, one for him to listen to the deposition and the other to consult privately with counsel.  <u>See</u> <u>id</u>.  While <u>McKeeve</u> allowed a deposition that was not videotaped and merely transcribed, the court nevertheless encouraged future use of videotaping whenever feasible and permitted by the host country, stating that such would enhance the ability of the trier of fact to observe the testimonial demeanor of the witness.  <u>See</u> <u>id</u>. at 10.

These guiding principles, and especially the controlling opinion in <u>McKeeve</u>, are instructive that a videotaped deposition of the Canadian witnesses pursuant to Fed. R. Crim. P. 15, and as proposed by the Government in this case, would not violate the defendant's confrontation rights.  The Government has made reasonable efforts to provide for the witness testimonies at trial, and has made reasonable efforts under the circumstances to provide for the defendant's presence at depositions in Canada.  Moreover, the Government is prepared to provide for the defendant's "presence", albeit remotely, with the ability to participate during the depositions and to privately consult with his attorney.

While prior cases are neither instructive nor dispositive on

4

the issue of whether counsel for the parties must also be physically present at the location where the witness is present, the factual postures of previous cases indicate that they usually are.  See, e.g., McKeeve, 131 F.3d at 7; Kelly, 892 F.2d at 262. However, under the circumstances of this case, it would appear that if the defense counsel were present at the same location as the defendant, consultation between them would be better assured. If this Court were to determine that the Court shall preside during the deposition,[5] the proposal that the parties be present in Boston becomes even more compelling.[6]

While mid-trial satellite testimony or video-conferencing are possible, they are not necessary in this case.  Even though live satellite/video testimony may have the advantage of being "real time," it is likely that the witnesses' schedules will conflict with the efficient trial of this case before a jury, and that the costs and logistics may create unnecessary issues and delays during trial.  Moreover, satellite testimony has been held to be akin to videotaped depositions in terms of determining when it should be used and whether it satisfies the conditions of the

---

[5]    It may be advisable that a judicial officer, but not necessarily the presiding judge, be present in order to better protect the deposition from challenges to its validity by approximating the conditions in McKeeve.  See McKeeve, 131 F.3d at 7;  United States v. Nippon Paper Industries Co., 17 F.Supp.2d 38, 41 (D.Mass. 1998) (discussing McKeeve).

[6]    Nor do exceptional expenses for travel, multiple lines of communication to include a line for private consultation between defendant in the U.S. and counsel in Canada, and related matters appear warranted where the proposed testimony is straightforward and is expected to be brief.

federal Confrontation Clause.  See Harrell v. State, 709 So.2d
1364 (Fla. 1998).  Even if a live feed may be preferable to a
pre-recorded deposition, there is nothing in the caselaw to
compel its use if the witness is unavailable to testify in person
during trial.  The Government submits that the cost and logistics
of mid-trial "live but remote " testimony are not warranted in
this case, particularly where the testimony is straightforward
and expected to be of brief duration.

    If this Court determined that such mid-trial testimony were
necessary, it would appear that video-conferencing may be
acceptable as long as it conformed to the standards applicable to
videotaped depositions, since video-conferencing is a more
advanced technology.  See, e.g., United States v. Nippon Paper
Industries Co., 17 F.Supp.2d 38, 41 (D.Mass. 1998) (where judge
and counsel were in Massachusetts and witness was in Japan during
recorded video-teleconference).  Nonetheless, the same issues of
Sixth Amendment confrontation and logistics apply.  See Nippon
Paper Industries Co., 17 F.Supp.2d at 42 (finding that a video
teleconference with the presiding judge that was to be recorded
and played for the jury was a suitable solution to protect
defendant's rights).  However, Nippon is not exactly on point
because, unlike the Japanese witness deposed in that case, here
there are no serious questions concerning the witness'
reliability or concerns regarding translation.  See id.  Even
though in Nippon, the court did not explicitly rule on the

propriety of video-conferencing (because defense agreed to the video-conference), what it in fact did was allow the recording of a witness' testimony with the judge present, outside the presence of the jury.  The only material distinction between what was allowed in <u>Nippon</u> and <u>McKeeve</u> was that a judge was present in the former during the deposition.  The facts of this case are more in line with those of <u>McKeeve</u>, and even though <u>Nippon</u> averted the constitutional validity question on its own facts, <u>McKeeve</u> squarely answered that question for the lesser technology of videotaped depositions in the affirmative.

It bears note that once the deposition is recorded and the testimony preserved, it must still be deemed admissible by this Court pursuant to the Federal Rules of Evidence.  Fed. R. Crim. P. 15(f) makes clear that admissibility of the deposition is not governed by the rule itself but by the Federal Rules of Evidence. The standards that apply to taking a deposition pursuant to Fed.R.Crim.P. 15(a) are different from those that control the admission of such a deposition at trial pursuant to section 15(f).  <u>See</u> <u>United States v. Keithan</u>, 751 F.2d 9 (1st Cir. 1984). <u>Keithan</u>, 751 F.2d at 12, citing <u>Mann</u>, 590 F.2d at 365.

To be admitted under the former testimony exception of Fed. R. Evid. P. 804(b)(1), the witness must be "unavailable" for trial, the deposition must be taken "in compliance with the law," and the defendant must have had the chance to cross-examine the witness.  <u>See</u> <u>Kelly</u>, 892 F.2d at 262.  This prerequisite is met

in this case where the witness is unavailable despite the Government's various reasonable and good faith efforts to ensure his attendance at trial.  <u>See, e.g.</u>, <u>Huang</u>, 827 F.Supp. at 949. As long as the government's efforts are shown to be more than "perfunctory," the reasonable and good faith efforts test will be passed.  <u>See</u> <u>Mann</u>, 590 F.2d at 367.

The deposition will also be considered in compliance with the law unless "the manner of examination required by the law of the host nation is so incompatible with our fundamental principles of fairness or so prone to inaccuracy or bias as to render the testimony inherently unreliable." <u>McKeeve</u>, 131 F.3d at 10.  This criteria is of no concern in this case.

The final requirement that the defendant be able to cross-examine the witness is satisfied in this case, even though he may not be physically present, as long as he can listen to the deposition live.  <u>See</u> <u>Kelly</u>, 892 F.2d at 262.

Respectfully submitted this 3rd day of January, 2006.

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:
<u>/s/ Victor A. Wild</u>
VICTOR A. WILD
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon
Syrie Fried, Esq., Office of Federal Public Defender, 408
Atlantic Avenue, Boston, MA via Electronic Filing this 3rd day of
January, 2006.


/s/ Victor A. Wild
VICTOR A. WILD
Assistant U.S. Attorney