```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
        v.                )     CRIMINAL NO. 04-10031-WGY
                          )
JAMES E. REID             )
```

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO GOVERNMENT'S
MOTION FOR PRE-TRIAL VIDEOTAPED DEPOSITION

Defendant, James E. Reid, submits this Memorandum of Law in opposition to the Government's motion for pre-trial videotaped depositions.

## INTRODUCTION

The Government moves pursuant to Rule 15(a)(1) of the Rules of Federal Criminal Procedure to take the pre-trial videotaped deposition of two prosecution witnesses: Pierre Beaudoin and Pierre Lortie.  The Government further seeks to admit the videotaped depositions at trial.  The Government's motion should be denied in its entirety for the following reasons:

1. The complete and utter failure of the Government to show, as required by Rule 15, that "exceptional circumstances" exist as to each of the prospective deponents. United States v. Mann, 590 F.2d 361, 365-368 (1st Cir. 1978).

2. Contrary to the Government's motion, Rule 15 neither authorizes nor contemplates a deposition absent both defendant and counsel being physically present (face-to-face) with the deponent.

3. The confrontation clause of the Sixth Amendment is violated by the use of videotaped deposition in lieu of live trial testimony. Crawford v. Washington, 541 U.S. 36 (2004); United States v. Mann, 590 F.2d at 367-68;

Stoner v. Sowders, 997 F.2d 209 (6th Cir. 1993); United States v. Nippon Paper Industries Co., Ltd., 17 F.Supp. 2d 38 (D. Mass. 1998).

**ARGUMENT**

1. The Government has Failed to Establish Exceptional Circumstances Under Rule 15.

The Government, as the moving party, bears the high burden of establishing "exceptional circumstances" serving "the interest of justice" necessary to justify the disfavored procedure of taking a deposition in a criminal case under Rule 15. See United States v. Mann, 590 F.2d at 365 noting that discretion to order depositions "is not broad and should be exercised carefully." (emphasis added). The Government has failed to meet this burden.

The only "fact" offered to show "exceptional circumstances" is the Government's bare assertion that Messrs. Beaudoin and Lortie, as holders of high office at Bombardier, Inc., have busy work schedules that do not allow for them to appear at trial. See, Government's Motion for Pre-Trial Videotaped Deposition, ¶ 4. While the Government states that Beaudoin and Lortie are Canadian citizens and thus beyond the subpoena power of this Court, the Government concedes that they are willing to cooperate in the trial of this matter. Id. at ¶¶ 4 & 5. The defendant agrees that the proposed deponents are foreign nationals, and therefore beyond United States subpoena power. Defendant, however, opposes the Government's blanket characterization of

these individuals as "unavailable."  Specifically, the Government does not aver that Beaudoin and Lortie are unwilling to come to Boston to testify, saying only that such an appearance conflicts with their work schedule.  Moreover, the Government fails to detail through affidavit or otherwise the exercise of any diligence on its part to secure the attendance of its witnesses.  Accordingly, it appears that the alleged "exceptional circumstances" are no more then a scheduling conflict.  Clearly, such a limited showing is insufficient to warrant the taking of depositions in this case.

While it is true that there is precedent for allowing the deposition of foreign witnesses because they are not amenable to subpoena power, the facts in the cases cited by the government involve deponents who had demonstrated an unwillingness and refusal to appear at trial.  See, e.g., United States v. Mann, 590 F. 2d at 367 (district court erred in allowing government to take deposition of witness based solely on inability to subpoena where government failed to show "other reasonable means" used to secure  witness); United States v. McKeeve, 131 F.3d 1 (1st Cir. 1997)(deposition of foreign citizen allowed were witness refused to appear at trial); United States v. Sindona, 636 F.2d 792 (2nd Cir. 1980)(exceptional circumstances existed where foreign national "specifically refused to come to the United States").

In short, "exceptional circumstances" for the purpose of

Rule 15 have never been presumed solely from a witness's citizenship status.  This is especially true where, as in this case, the Government chooses to prosecute a foreign citizen for a violation of United States law.  Surely it came as no surprise to the Government that some of its witnesses might be foreign citizens.  Accordingly, it is incumbent on the Government to demonstrate the efforts it put forth to accommodate the witnesses scheduling conflicts and the prior notice afforded the witnesses with regard to the pending trial date.  Failing to hold the Government to its high burden would open the door to what the Mann court foresaw from adoption of a liberal construction of Rule 15, namely, "depositions as a discovery device in criminal cases" or their use "in lieu of live testimony at trial in contravention of the spirit of the Sixth Amendment."  Mann, 590 F.2d at 365.

   The purpose of criminal deposition taking is to preserve testimony of material witnesses who, due to unwillingness or inability, may not appear at trial.  It is an extraordinary measure.  Here, the Government relies solely on the fact that the proposed witnesses are busy business executives with scheduling conflicts.  There has been no showing with regard to when these witnesses were contacted and informed of the trial date.  There has been no showing of the efforts exercised by the Government to secure their appearance.  There has been no showing that the

witnesses will in fact not appear, rather than simply preferring not to. The Government's motion must be denied because exceptional circumstances which justify the need for taking pre-trial depositions have not been shown to exist.

    2.    Rule 15 Mandates that the Defendant and His Counsel be <u>Physically Present at a Deposition</u>.

The Government's motion should be denied because it seeks to circumvent the procedures required by Rule 15 and the confrontation clause's guarantee of a face-to-face meeting between a defendant and a witness. <u>See</u> Fed. R. Crim. P. 15(c)&(d). The Government suggests that since it believes the witnesses' testimony to be "straightforward," and "brief" the court should dispense with the requirements of Rule 15 and the confrontation clause and simply order the depositions conducted by remote video feed from Canada with counsel and defendant in Boston.[1] Apparently the Government believes, and moves this Court to find, that the defendant and his counsel's presence is formality rather than substance. As Judge Gertner stated in <u>Nippon Paper</u>, "demands of efficiency and even necessity, do not create automatic exceptions to Constitutional requirements." <u>Nippon Paper</u>, 17 F.Supp. 2d at 42. Nor do they create exceptions

---

[1] Without disclosing its strategy, the defense believes these to be critical witnesses and expects to question them in detail regarding the allegations in the indictment. It by no means believes these to be "straightforward" or "brief" witnesses. <u>See</u> Government's Memorandum In Support of Motion for Pre-Trial Videotaped Deposition, Footnote 6.

to the Rules of Criminal Procedure.

The Government offers a series of vagaries and half-truths regarding the defendant's ability to attend a deposition held in Canada in an effort to pigeon-hole him into a line of cases that have carved a narrow exception to requiring the defendant's presence at a Rule 15 deposition, namely cases where a defendant is in custody and is not permitted entry into the host country. See Christian v. Rhode, 41 F.3d 461 (9th Cir. 1994)(mere assertion, without proffer of proof, by government that defendant not allowed to attend deposition insufficient and violated defendant's rights under Rule 15 and confrontation clause); United States v. McKeeve, 131 F.3d at 8 (government must undertake diligent efforts to facilitate the defendant's presence).  Here, the defendant could attend the depositions in Canada with no or minimal effort on the part of the government. First, the defendant is a Canadian citizen who until December 1, 2005, was on pretrial release and residing in Canada during the pendency of this case.  Second, on December 1, 2005 he voluntarily traveled from Canada to Boston to meet with counsel in order to prepare for trial.  Third, Canada permitted him to leave the country and his re-entry into the country was assured. The sole reason defendant did not return to Canada is that on December 7, 2005, following an evidentiary hearing on the Government's motion to revoke defendant's conditions of release,

Judge Bowler ordered defendant to reside at Coolidge House. Coolidge House permits the defendant to leave the facility on a daily basis to work with counsel on his case. The defendant is not in custody. Consequently, if the court temporarily revised the defendant's conditions of release to allow for a one or two day trip to Canada to attend the depositions there would be no obstacle to his attending.

Thus, if depositions were ordered by the Court, the defendant and his counsel, under the facts of this case, have an absolute right to be present and to a face-to-face confrontation with the witnesses. Anything short of this in the name of expediency and efficiency violates Rule 15 and the confrontation clause. Coy v. Iowa, 487 U.S. 1012, 1016 (1988)(confrontation clause guarantees a defendant a face-to-face meeting with witnesses); Maryland v. Craig, 497 U.S. 836 (1990)(physical confrontation enhances accuracy of fact finding process).[2]

---

[2] Moreover, the Government points to no case, and the defendant has found none, in which the court has authorized the taking of a pre-trial deposition without counsel for the defendant being physically present with the witness. Accordingly, this is further reason why the Government's motion must be denied.

3.   The Confrontation Clause Precludes the Use of
     <u>Videotaped Depositions at Trial</u>.[3]

The Supreme Court substantially enhanced a defendant's confrontation clause protection in <u>Crawford v. Washington</u>, 124 S.Ct. 1354 (2004). The <u>McKeeve</u> decision the Government cites in support of the admissibility of deposition testimony at trial relied expressly on <u>Ohio v. Roberts</u>, 448 U.S. 56 (1980) in concluding that such testimony is admissible. In <u>Crawford</u>, the Supreme Court overruled <u>Roberts</u> and expanded the breadth and meaning of the confrontation clause. Specifically, the Supreme Court ruled that the confrontation clause mandates that admissibility of evidence not be "based on a mere judicial determination of reliability," but rather that the defendant has a right to see the witness face-to-face and subject him to cross-examination. <u>Crawford</u>, 124 S.Ct. at 1370. The essence of the confrontation clause is only truly secured when this "play[s] out before the fact-finder, in this case, the jury." <u>Nippon Paper</u>, 17 F.Supp. 2d at 40. Thus, the admissibility of a deposition taken under foreign law is suspect.

---

[3] The defendant notes that the issue of admissibility is typically bifurcated from the issue of whether a deposition should be ordered in the first place. <u>See</u> Fed. R. Crim. P. 15(f); <u>Mann</u>, 590 F.2d at 366-67. However, to the extent that the Government's motion is interpreted as seeking to admit any deposition testimony at trial, the defendant objects for the reasons detailed in this section. Furthermore, should some form of depositions be ordered, the defendant expressly reserves his right to challenge the admissibility of such depositions at the time of trial.

The central tenet of the confrontation clause is the right to confront and cross-examine witnesses in front of a jury. The Clause is emasculated when witnesses are isolated from the court and jury, and their testimony is filtered through the lens of a camera. Courts have consistently recognized the fundamental value of live testimony. As the District Court in <u>Nippon Paper</u>, stated, "television and videoscreens necessarily present antiseptic, watered down versions of reality." <u>Nippon Paper</u>, 17 F. Supp. 2d at 42. Moreover, the court recognized that "excuses can always be found to avoid a court appearance" but that such excuses are no "substitute for trial by confrontation." <u>Id</u>. at 41. Ultimately, the court ruled that the confrontation clause barred the use of a pre-trial videotaped deposition.[4]

Other decisions are in accord with these concerns. In <u>Stoner v. Sowders</u>, the U.S. Court of Appeals for the Sixth Circuit reversed a conviction based on the use of videotaped depositions. 997 F.2d 207, 213 (6th Cir. 1993). The court reasoned that many witnesses would prefer not to testify before the watchful eye and scrutiny of a jury, but the confrontation clause commands no less. <u>Id</u>. The court noted:

---

[4] Although the court agreed to video teleconferencing, it suggested that, had the defendant not consented to video teleconferencing "these issues might have counseled rejecting video teleconferencing". <u>Id</u>. at 43.

> [i]n the most important affairs of life, people approach each other in person, and television is no substitute for direct personal contact. Video tape is still a picture, not a life, and it does not come within the rule of the confrontation clause which insists on real life where possible, not simply a close approximation.

Stoner, 997 F.2d at 213.  Finally, the court expressed concern that "to allow trial by deposition here (whether video or written) to substitute for regular trial testimony would over time invite trial by deposition in many, perhaps most, criminal cases."  Id.  It is this gradual erosion of the confrontation clause that formed the basis of the Crawford decision and which counsels in favor of excluding deposition testimony in this case.[5]

---

[5] Furthermore, prior to reaching the issue of whether the use of deposition testimony is barred by the confrontation clause, this court would first have to find that the witnesses are unavailable for trial as that term is defined by Rule 804(a) of the Federal Rules of Evidence.  See United States v. Mann, 590 F.2d 361, 33-268 (1st Cir. 1978)(deposition testimony inadmissible where Government failed to use "other reasonable means" besides subpoenas as required by Rule 804(a)(5) to secure witnesses presence).  For the reasons stated in part 1 of this opposition, the Government has failed to show that it has made any efforts let alone a reasonable effort to secure the attendance of Beaudoin and Lortie at trial.  Thus, any deposition testimony of Beaudoin and Lortie should be excluded.

-10-

**CONCLUSION**

For the foregoing reasons, the Court should deny the Government's motion for leave to take pre-trial videotaped depositions in its entirety.

                                          JAMES E. REID
                                          By His Attorneys,

                                          /s/ Syrie D. Fried
                                          Syrie D. Fried
                                               B.B.O. #555815

                                          /s/ Stellio Sinnis
                                               B.B.O. #560148
                                          Federal Defender Office
                                          408 Atlantic Ave., 3rd Floor
                                          Boston, MA  02210
                                          Tel: 617-223-8061


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                          /s/ Syrie Fried
                                             Syrie Fried