UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10031-WGY |
| | ) | |
| JAMES E. REID | ) | |

DEFENDANT'S MOTION TO RESTORE HIM TO PRETRIAL RELEASE

The defendant James E. Reid moves this court to restore him to conditions of pretrial release that will allow him to recuperate from heart surgery at his home in Ontario, Canada. As grounds for this motion, counsel for Mr. Reid state that his physical condition is such that his continued residence at Coolidge House is medically contraindicated and unrealistic and that his chances of recovery are best forwarded by his recuperation at home.

FACTUAL BACKGROUND

Following his indictment, James Reid posted a bond of $15,000 and was released on conditions. Reid is a Canadian national and resides in Waterloo, Ontario. He continued in his release status without incident from May 2004 until December 1, 2005. On December 1, Reid was arrested at Logan Airport on a warrant issued by Magistrate Judge Marianne Bowler at the request of Pretrial Services.[1] The government moved to revoke Reid's

---

[1] Reid had come to Boston to meet with undersigned counsel and review documents in preparation for this trial. He traveled to Boston voluntarily and at his own expense.

pretrial release, alleging that he had engaged in fraudulent behavior and thus had committed a new crime while on release. A detention hearing was held on December 5 and 6, 2005. Reid opposed the government's motion to revoke, maintaining that the evidence presented at the detention hearing showed at best that he perhaps violated a foreign law, and had not committed a "Federal, State, or local crime" under the terms of 18 U.S.C. §3148(b); Reid also maintained that he was neither dangerous nor a risk of flight.[2]

After the hearing, Magistrate Judge Bowler released Reid on strict conditions, the most important of which required that he live in Boston at the Coolidge House, a pre-release facility run by the Federal Bureau of Prisons, and that he not return to Canada. Reid was to abide by the rules and regulations of Coolidge House and was not to seek employment.

Reid resided at Coolidge House, but on January 16, 2006 he checked into Boston Medical Center because he was experiencing chest pains. Testing revealed three blocked coronary arteries, and on January 23, 2006 Reid had a three-vessel coronary bypass graft, an operation more colloquially known as a triple bypass. He has been an in-patient at the Boston Medical Center since January 16. His surgeon, Dr. Harold Lazar, expects to discharge

---

[2] See Defendant's Memorandum in Opposition to Government's Motion to Revoke Bail; document #28.

Reid from the hospital on February 1. Unless there is a change in Reid's release conditions, on discharge he will have to report back to Coolidge House.

## REQUEST FOR RELIEF

The defendant moves this court to restore him to pretrial release conditions that will allow him to recuperate at his home while this case is pending. Coolidge House is not a reasonable option for Mr. Reid at this point, given his medical needs.

Reid's recuperation requires him to take a number of medications on a strict schedule. He will have to take some of these medications for the rest of his life. Some of these medicines have to be taken twice daily and must be taken in a specific time relation with food. Although physical activity is prescribed as part of Reid's recovery routine, there are definite limits on his physical abilities at the present. He is not allowed to drive or to do any lifting. He cannot do any heavy chores such as mopping floors. Additionally, because Mr. Reid is a diabetic, his blood sugar has to be monitored carefully every day.

Reid's initial follow-up care plan envisions daily visits by a visiting nurse. The nurse will make sure his dressings are in proper order and will do some physical therapy with him. Reid then has a follow-up appointment with his surgeon, Dr. Lazar. As

of now, this appointment is scheduled for February 7. In the interim, Dr. Lazar has ruled out any travel for Mr. Reid.

With this court's leave, Reid wishes to lease a furnished apartment here in Boston for one week with his wife Pat. Pat Reid has joined her husband here in Boston and is staying at a hotel near the hospital. He plans to be seen by the visiting nurse and get physical therapy at this apartment.[3] Once Reid is medically cleared by Dr. Lazar, he wishes to travel back home to Ontario.[4] Dr. Lazar has forbidden Mr. Reid to travel by common carrier at present because he should not travel for more than 2 hours without stopping for rest. It is anticipated that Mr. Reid would be driven back to Ontario over the space of two or three days by his wife and daughter. In Ontario, Mr. Reid will receive follow-up care from his doctors there.[5]

James Reid has undergone a very serious operation and needs a proper recuperation in order to survive, let alone face the rigors of this prosecution. Counsel believe that Coolidge House is not an appropriate setting for Mr. Reid to return to under the circumstances. Coolidge House has no medical staff person in

---

[3] Reid and his wife have found lodgings at The Greenhouse Apartments, 150 Huntington Avenue, Boston.

[4] Presumably he could be cleared to travel after February 7, 2006.

[5] Mr. Reid has long known that he has heart disease and he has a cardiologist in Canada.

residence. Whether the house could accommodate Reid's needs for daily physical therapy is open to question. The emotional strain of confinement to a quasi-penal setting cannot advance Mr. Reid's recovery. In addition, this court has ruled that the government may take depositions of certain witnesses only if Mr. Reid is present in Canada when the depositions are held. Since Mr. Reid must go to Canada anyway, it would be both sensible and humane for him to stay there until this trial is held.

It is submitted that James Reid does not pose any kind of flight risk. There was never any evidence that Reid was a risk not to appear, and the circumstances of his arrest on December 1, 2005 attest to his commitment to defending himself at trial.[6] Now, with his health so compromised, any risk that he would not appear for trial is non-existent. Reid is simply not physically well enough to run away from this case.

---

[6] Magistrate Bowler stated during detention proceedings that she was not concerned that Reid posed a flight risk. At the detention hearing the defense proffered evidence that Reid complied with his reporting conditions to the Pretrial Services Agency office in Buffalo, New York.

```
                              JAMES E. REID
                              By His Attorneys,


                              /s/ Syrie D. Fried
                              Syrie D. Fried
                                 B.B.O. #555815

                              /s/ Stellio Sinnis
                                 B.B.O. #560148
                              Federal Defender Office
                              408 Atlantic Ave., 3rd Floor
                              Boston, MA  02210
                              Tel: 617-223-8061
```

<u>CERTIFICATE OF SERVICE</u>

I, Syrie D. Fried, do hereby certify that this document has been filed electronically and that it will be served electronically to registered ECF participants as identified on the Notice of Electronic Filing (NEF) on January 30, 2006.

```
                              /s/ Syrie D. Fried

                              Syrie D. Fried
```