```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
        v.                    )    CRIMINAL NO. 04-10031-WGY
                              )
JAMES E. REID                 )
```

DEFENDANT'S MOTION TO REQUIRE GOVERNMENT
TO PAY THE COST OF TRAVEL AND ACCOMMODATION FOR DEPOSITIONS

Pursuant to Rule 15(d) of the Rules of Federal Criminal Procedure, defendant moves to require the United States Attorney's Office to pay the cost for counsel and defendant to attend depositions previously ordered by the court. AUSA Victor Wild has indicated that the United States will oppose this Motion to the extent that the Government will not pay for both of Mr. Reid's appointed counsel to attend the depositions.

On January 18, 2006, the Court allowed, over defendant's opposition, the taking of pre-trial depositions of Pierre Beaudoin and Pierre Lortie. The depositions are currently scheduled to occur on September 11, 2006 in Montreal, Canada.

Rule 15(d) provides in relevant part, "[i]f the deposition was requested by the government, the court may – or if the defendant is unable to bear the deposition expenses, the court must – order the government to pay: (1) any reasonable travel and subsistence expenses of the defendant and the defendant's attorney to attend the deposition." To date, the Government has agreed to pay the costs associated for reasonable travel and

subsistence expenses for Mr. Reid and one of his appointed counsel to attend the depositions.  However, the Government objects and refuses to pay the cost for both of Mr. Reid's counsel to attend the depositions.  This motion seeks an order requiring the government to pay the additional cost associated with having both of Mr. Reid's attorney's attend the depositions.

     The instant case involves a large amount of documentary evidence and involves witnesses from across the country and Canada.  The breadth of the charges, volume of discovery, and number of witness required the Federal Defender to appoint two attorneys to work on the case in order to assure that Mr. Reid was adequately represented.  Counsel for Mr. Reid have worked in tandem and as a team sharing complete responsibility in preparing the case for trial.  Moreover, trial of this case is scheduled to begin only 4 weeks after the depositions are concluded given the proximity of time between the depositions and trial both counsel need to be present and engaged in the taking of the depositions in order to be ready for trial.  It is expected that testimony developed during the depositions will be relevant and touch on testimony offered by other witnesses at trial.  Since counsel intend to share the burden of examining witnesses at trial it would be unduly prejudicial for one counsel to not have the benefit of being present during the depositions when that testimony could be relevant in the cross-examination of other

trial witnesses.

The Government has sought the exceptional remedy of taking trial depositions in a criminal case.  United States v. Mann, 590 F.2d 361 (1st Cir. 1978).  Such a procedure is strongly disfavored in a criminal case.  Mann, 590 F.2d at 365.  Having obtained such an order, the Government now wishes to impose a portion of the cost associated with the depositions on counsel for the defendant; thereby attempting to dictate trial strategy and allocate responsibilities of defense counsel.  The Government should not be allowed to control defense counsel by withholding funds.

In conclusion, Rule 15(d) requires the Government to pay the reasonable costs associated with defense counsel's attendance at the depositions.  For the foregoing reasons, the reasonable cost in this case is that associated with both of Mr. Reid's attorneys being afforded the opportunity to attend and participate at the depositions.

WHEREFORE, the defendant urges the Court to order the USAO to pay the additional cost associated with having both of Mr. Reid's attorney's attend the depositions.

JAMES E. REID
By his attorney,


/s/ Stylianus Sinnis
Stylianus Sinnis
  B.B.O. #560148
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

Dated: August 24, 2006


Certificate of Service

I, Stylianus Sinnis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 24, 2006.

/s/Stylianus Sinnis
Stylianus Sinnis