UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10031-WGY |
| | ) | |
| JAMES E. REID | ) | |

<u>DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT VIDEOTAPED DEPOSITIONS AT TRIAL</u>

Defendant, James E. Reid, submits this memorandum of law in opposition to the government's motion in limine to admit videotaped depositions at trial in lieu of live testimony.

## INTRODUCTION

The government moved for an order allowing the admission at trial of two videotaped depositions taken pursuant to Rule 15(a)(1) of the Rules of Federal Criminal Procedure.  Defendant objects to the admission of the two videotaped depositions on the following grounds: (1) the government has failed to show that the witnesses are unavailable; in fact, defense counsel was obstructed from even questioning the witnesses about the reasons for their alleged unavailability; (2) the Confrontation Clause prohibits the use of videotaped depositions at criminal trials; (3) the videotaped depositions were not taken in conformity with laws of the host country as required by F.R.E. 804(b)(1).

**BACKGROUND**

On January 3, 2006, the government filed a Motion For Pre-trial videotaped depositions. Specifically, the government sought to depose Pierre Beaudoin and Pierre Lortie. According to the government's motion, Messrs. Beaudoin and Lortie were Canadian citizens, not subject to subpoena, and unavailable to appear at trial. Defendant opposed the motion on the grounds that the government had failed to make an adequate showing of unavailability and that depositions taken absent defendant's presence at the depositions, as proposed by the government, violated F.R.Cr.P. 15 and his rights under the Confrontation Clause. On January 18, 2006, this Court allowed the government's motion but ordered that the defendant be physically present during the depositions. The depositions of Messrs. Beaudoin and Lortie were taken on September 11, 2006. There was no judicial officer present at the depositions.

**ARGUMENT**

1. The Government has Failed to Show the Witnesses are Unavailable to Testify at Trial.

The purpose of criminal deposition taking is to preserve testimony of material witnesses who, due to unwillingness or inability, may not appear at trial. It is an extraordinary measure. In order to admit deposition testimony at a criminal trial, the party seeking admission, here the government, bears

the burden of showing that the deposed witnesses are unavailable to provide live testimony at trial.  <u>See</u> F.R.Cr.P. 15(f), which requires that unavailability be shown in conformity with F.R.E. 804(a); <u>see also</u> <u>United States v. Martinez-Perez</u>, 916 F.2d 1020, 1023-1024 (5th Cir. 1990)(government's failure to show foreign witness's unavailability required reversal of conviction); <u>United States v. Fuentes-Galindo</u>, 929 F.2d 1507, 1510-1511 (10th Cir. 1991)(conviction reversed where government failed to make "good faith" effort to obtain witnesses); <u>United States v. Mann</u>, 590 F.2d 361, 367 (1st Cir. 1978)(conviction reversed were government failed to make reasonable effort to procure foreign witness).  Here, the government relies solely on the fact that the proposed witnesses are busy business executives with scheduling conflicts.  The government has made no showing of its own efforts to secure the appearance of these witnesses.  Indeed, there has been no showing that Lortie and Beaudoin will refuse to appear if requested by the government to do so; instead, the record shows that they would simply prefer not to appear.

    At the depositions, Messrs. Beaudoin and Lortie refused to answer defense counsel's questions about the true nature and extent of their unavailability; even worse, the government objected to these questions and effectively directed the witnesses not to answer them.  <u>See</u> Deposition Transcript of Pierre Beaudoin, pp 22-23; Deposition Transcript of Pierre

Lortie, pp. 26-29.  Defense counsel's repeated attempts to explore the witnesses' conclusory declarations on direct examination that they were unable to travel to Boston and testify at trial were rebuffed.  For example, Mr. Beaudoin stated that he was unavailable on October 16th to appear for trial due to another business commitment.[1]  TR pp. 22-23.  Mr. Beaudoin refused to disclose the nature of the business commitment and the government objected on the ground that the depositions were being taken "pursuant to court order."  Id. At 23.  The facts concerning Mr. Lortie's alleged unavailability are even more amorphous than those of Mr. Beaudoin.  Lortie averred that he "does not think he can be in Boston."  TR. p. 29 (emphasis added).  In response to defense counsel's attempts to ferret out the nature of why he did not think he could be in Boston on October 16th, Lortie simply stated he has "many other things to do" and refused to answer any further questions on the issue.  Id. at pp. 26-30.

   The exchanges detailed above, combined with the absence of any further proffer by the government in its instant motion,

---

[1] The trial of this case is now scheduled to start on November 13, 2006.  The record is utterly devoid of any facts that would support a finding that the deposed witnesses will be unavailable on that date or any other date during the pendency of this trial, which the parties anticipate will last two to three weeks.  Accordingly, defendant asserts that the government has failed to make even a threshold showing of unavailability of these witnesses with regard to a trial date of November 13, 2006.

demonstrate clearly that the government has not met its burden of showing unavailability under F.R.E. 804(a)(5).  In order to sustain its heightened burden, the government "must show diligent effort on its part to secure the [witness'] voluntary return to testify."  United States v. Mann, 590 F.2d 361, 367 (1st Cir. 1978)(conviction reversed where deposition testimony admitted at trial and government failed to make a good faith effort to procure previously deposed witness).  In Mann, the First Circuit held that the government's effort must be more then "perfunctory" and that the government must make a "vigorous" effort to secure the presence of the witness.  Mann, 590 F.2d at 367; see also United States v. McKeeve, 131 F.3d 1 (1st Cir. 1997)(government has "heighten[ed]" burden to actively attempt to secure the witness's presence at trial).

Accordingly, it is incumbent on the government to demonstrate the efforts it put forth to secure the witnesses attendance at trial.  The government has failed to make even a threshold showing on this issue.  But the government has not merely failed to show any effort on its part to obtain the presence of these witnesses; it actively obstructed defense counsel's efforts to ascertain the reasons for Messrs. Beaudoin and Lortie's alleged unavailability by repeatedly objecting to counsel's inquiries.  See, Deposition Transcript of Pierre Beaudoin, pp 22-23; Deposition Transcript of Pierre Lortie, pp.

26-29.  Government counsel's speaking objections to questions concerning witness availability were an obvious and blatant attempt to coach the witnesses with regard to their answers on unavailability.  Such actions by the government renders it complicit in the witnesses' alleged unavailability, the same unavailability upon which it relies in seeking admission of the depositions at trial.  Mann, 590 F.2d at 368 (government actions that render a witness unavailable preclude government from seeking to admit deposition testimony).

Simply put, the government has failed to demonstrate in any meaningful way that the deponents are unavailable to testify at trial and failed to delineate its efforts to obtain their attendance.  Failure to hold the government to its high burden would open the door to what the Mann Court foresaw from adoption of a liberal construction of Rule 15, namely, the use of depositions "in lieu of live testimony at trial in contravention of the spirit of the Sixth Amendment."  Mann, 590 F.2d at 365.  The government's failure to meet its burden under Rule 804(a)(5) requires that the court exclude the videotaped depositions of Messrs. Beaudoin and Lortie from trial.

    2.   The Confrontation Clause Precludes the Use of Videotaped Depositions at Trial.

The Supreme Court substantially enhanced a defendant's Confrontation Clause protection in Crawford v. Washington, 541

U.S. 36 (2004).  Specifically, the Supreme Court ruled that the Confrontation Clause mandates that admissibility of evidence not be "based on a mere judicial determination of reliability;" instead, the defendant has a right to see the witness face-to-face and subject him to cross-examination.  <u>Crawford</u>, 541 U.S. at 62.  The central tenet of the Confrontation Clause is the right to confront and cross-examine witnesses in front of a jury.  The Clause's protections are only truly secured when the examination process "play[s] out before the fact-finder, in this case, the jury."  <u>United States v. Nippon Paper Industries Co., Ltd.</u>, 17 F.Supp. 2d 38, 40 (D.Mass. 1998).[2]  The Clause is emasculated when witnesses are isolated from the court and jury, and their testimony is filtered through the lens of a camera.  Courts have consistently recognized the fundamental value of live testimony. As the district judge in <u>Nippon Paper</u> stated, "television and videoscreens necessarily present antiseptic, watered down versions of reality."  <u>Nippon Paper</u>, <u>supra</u>, 17 F. Supp. 2d at 42. Moreover, the court recognized that "excuses can always be found to avoid a court appearance" but that such excuses are no "substitute for trial by confrontation."  <u>Id</u>. at 41. Ultimately,

---

[2]  <u>Nippon Paper</u> was a criminal antitrust case in which the defendant was a Japanese corporation charged with anticompetitive acts that took place outside the U.S.  The government sought to take a video deposition a Japanese witness who refused to attend the trial for health reasons.

the court ruled that the confrontation clause barred the use of a pre-trial videotaped deposition.[3]

Other decisions are in accord. In <u>Stoner v. Sowders</u>, the U.S. Court of Appeals for the Sixth Circuit reversed a conviction based on the use of videotaped depositions. 997 F.2d 207, 213 (6th Cir. 1993). The court reasoned that many witnesses would prefer not to testify before the watchful eye and scrutiny of a jury, but the Confrontation Clause commands no less. <u>Id</u>. The court noted:

> [i]n the most important affairs of life, people approach each other in person, and television is no substitute for direct personal contact. Video tape is still a picture, not a life, and it does not come within the rule of the confrontation clause which insists on real life where possible, not simply a close approximation.

<u>Stoner</u>, 997 F.2d at 213. Finally, the court expressed concern that "to allow trial by deposition here (whether video or written) to substitute for regular trial testimony would over time invite trial by deposition in many, perhaps most, criminal cases." <u>Id</u>. It is this gradual erosion of the Confrontation Clause that formed the basis of the <u>Crawford</u> decision and which

---

[3] Although the court agreed to video teleconferencing, it suggested that, had the defendant not consented to video teleconferencing "these issues might have counseled rejecting video teleconferencing". <u>Id</u>. at 43.

counsels in favor of excluding deposition testimony in this case.[4]

    3.    The Depositions of Beaudoin and Lortie Were Not Made In Compliance with Canadian Law and are Therefore <u>Inadmissible under the Federal Rules of Evidence</u>.

F.R.E. 804(b)(1) provides a limited exception to the hearsay rule for depositions "taken in compliance with law." This provision has been interpreted to require that the deposition be taken in accordance with the law of the host nation. <u>United States v. McKeeve</u>, 131 F.3d 1, 10 (1st Cir. 1997). The depositions in this case were taken in Canada and therefore must conform to Canadian law in order to be admissible. Canadian law requires that depositions of unavailable witnesses intended to be used in criminal cases be presided over and authenticated by a judicial officer. R.S.C. [Revised Statutes of Canada] 1985, c.S-9, §617 provides:

Depositions received when witness cannot be produced

    617. (1) Subject to subsection (2), whenever in the course of any legal proceeding instituted in Canada before any judge or provincial court judge, or before any person authorized by the law or by consent of parties to receive evidence, the testimony of any witness is required in relation to the subject-matter of that proceeding, on due proof that the witness cannot be found in Canada, any deposition that the witness may have previously made

---

[4] Of course, before reaching the issue of whether the use of deposition testimony is barred by the confrontation clause, this court would first have to find that the witnesses are unavailable for trial, as that term is defined by F.R.E. 804(a). See <u>United States v. Mann</u>, <u>supra</u>. For the reasons set out at pp. 2-6 of this opposition, the government has failed to show that the deponents Beaudoin and Lortie are in fact unavailable to testify.

on oath in relation to the same subject-matter <u>before any justice or magistrate in a Commonwealth country, or before any consular officer elsewhere</u>, is admissible in evidence.

   Exception
     (2) If the deposition referred to in subsection (1) was made in Canada, it is not admissible in any proceeding instituted in Canada, and if the proceeding is criminal, it is not admissible, unless made in the presence of the person accused.

   Deposition to be certified
     (3) A deposition referred to in subsection (1) <u>shall be authenticated by the signature of the judge, magistrate or consular officer before whom it was made</u>, and the judge, magistrate or consular officer shall certify, if it is so, that the accused was present at the taking thereof.

   Certificate
     (4) It is not necessary in any case to prove the signature or official character of the person appearing to have signed a deposition, and in any criminal proceeding a certificate under this section is, unless the contrary is proved, sufficient evidence that the accused was present in the manner thereby certified.  (Emphasis added)

Thus, under Canadian law, if a party seeks to introduce at a Canadian trial the deposition of an absent witness taken outside Canada, the deposition being introduced must have been presided over by a "judge, magistrate or consular officer," and that official would have been required to authenticate the deposition by signature.  See subsections (1) and (3), supra.

The depositions here do not satisfy these requirements of admissibility under Canadian law, and therefore are not admissible under the Federal Rules of Evidence.  The depositions were taken in the presence of and certified by a Massachusetts court reporter.  No Canadian judicial officer or magistrate, or

consular official from either the American or Canadian consulate was present during the depositions. In United States v. McKeeve, 131 F.3d 1( 1st Cir. 1997), the First Circuit considered the importance of judicial oversight at the taking of a foreign deposition in determining its admissibility at an American trial:

> To be sure, the deposition did not comport in all respects with American practice, but that circumstance alone does not render the testimony not "in compliance with law" and therefore beyond the reach of [F.R.E.] 804(b)(1). We agree with the Second Circuit that 'unless the manner of examination required by the law of the host nation is so incompatible with our fundamental principles of fairness or so prone to inaccuracy or bias as to render the testimony inherently unreliable, . . . a deposition taken . . . in accordance with the law of the host nation is taken 'in compliance with law' for purposes of Rule 804(b)(1)."

131 F.3d at 10 (internal citation omitted). Finally, judicial oversight is common in depositions of material witnesses under F.R.Cr.P. Rule 15(a)(2); see United States v. Aguilar-Tamayo, 300 F.3d 562 (5th Cir. 2002)(depositions conducted in presence of U.S. Magistrate Judge); United States v. Martinez-Perez, 916 F.2d 1020 (5th Cir. 1990)(magistrate judge present during depositions). The government's failure to assure that these depositions were taken under conditions complying with the requirements of Canadian law renders the depositions inadmissible at trial.

**CONCLUSION**

For the foregoing reasons, the Court should deny the government's motion to admit the videotaped depositions at trial in lieu of live testimony.

JAMES E. REID
By His Attorneys,

/s/ Syrie D. Fried
Syrie D. Fried
   B.B.O. #555815


/s/ Stylianus Sinnis
Stylianus Sinnis
   B.B.O. #560148
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Stylianus Sinnis, do hereby certify that this document has been filed electronically and that it will be served electronically to registered ECF participants as identified on the Notice of Electronic Filing (NEF) on November 2, 2006.


/s/ Stylianus Sinnis
Stylianus Sinnis