UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10342-WGY |
| | ) | |
| **JAMES E. REID** | ) | |

GOVERNMENT'S MEMORANDUM REGARDING COURT'S
POST-BOOKER PROCEDURES

On August 1, 2006, in United States v. Kandirakis, Criminal No. 04-10372-WGY, the Court explained that in criminal cases, it will "see[k] the advice of an advisory jury" regarding "each Guideline enhancement the government will seek to apply in calculating the Guidelines range if the defendant is convicted. At trial..., such proof still must consist of testimony and items placed in evidence pursuant to the Federal Rules of Evidence." United States v. Kandirakis, --- F.Supp.2d ----, 2006 WL 2147610 (D. Mass. Aug. 1, 2006).

As it has in the context of other cases before this Court, the government objects to this procedure. In deciding United States v. Booker, 543 U.S. 220 (2005), the Supreme Court contemplated that the Guidelines, although now advisory rather than mandatory, would operate as they had done before: the judge, not the jury, hears sentencing-related arguments and decides sentencing-related issues, based on evidence introduced at a sentencing hearing not subject to, among other things, trial rules of evidence. The Court's sentencing findings are to be based on facts proved by a preponderance and not beyond a reasonable doubt. The procedure articulated in Kandirakis is thus contrary to what the Booker Court contemplated. In the government's view, moreover, the Court's procedures run the risk of confusing the jury regarding the elements of the offense or prejudicing the defendant (for example, when evidence must be introduced to

prove an enhancement that would not otherwise have to be introduced to prove the crime, or when special questions may appear to direct the jury to a particular result). Moreover, the Kandirakis procedures prolong the jury's service (in multi-defendant cases or cases otherwise involving many enhancements, the extension of the jury's service could be considerable) and, in the end, do not yield an overall result that outweighs the problems generally presented by the approach. The Court opined in Kandirakis that an advisory jury's counsel will "help [it] to weigh the reliability of the advice provided by the Guidelines, and will inform the exercise of [its] discretion as [it] determine[s] an appropriate sentence in light of the advisory Guideline range and the 3553(a) factors," but a jury's special verdict is not a dialogue with the Court and it is informative only of what the jury found based on evidence admissible at trial (but not all evidence permissible under the Guidelines) and proved to it beyond a reasonable doubt. In the end, as the Court recognizes, it must reach its own decision based on any additional evidence the Government may seek to introduce in connection with sentencing and using a lower standard of proof.

The Government anticipates that despite its objections, this Court intends to instruct the jury on sentencing enhancements. In this case, the enhancements of which the Government is presently aware (and of course, events during trial and a post-verdict sentencing investigation may reveal the relevance of other enhancements) are the enhancements based on "loss", including relevant conduct, and the enhancement provided by USSG §3B1.3, abuse of a position of public trust or use of a special skill. The Government does not anticipate that proof of the enhancement will require the presentation of additional testimony[1] although the length and

---

[1] In light of this Court's ruling that admissible Rule 404(b) evidence must be presented only after the Government has proved up charged criminal conduct, thereby making Paul Barber of PROPHIX unavailable to testify, the Government may be compelled to call an additional

emphasis of certain testimony may need to be altered to establish the applicability of the enhancements.

Without waiving its objection to the procedure, the Government reserves the right to submit instructions for this Court's consideration at the close of the evidence. The Government submits the following as one such instruction:

### ABUSE OF A POSITION OF TRUST

The government alleges that JAMES E. REID abused a position of trust or used a special skill in a manner that significantly facilitated the commission or concealment of a crime. If, and only if you find REID guilty of one or more charge(s) in the Indictment, you must then decide whether he abused a position of trust or used a special skill in a manner that significantly helped him to commit or conceal the offense(s).

Determining whether or not someone abused a position of trust or used a special skill to help them commit or hide a crime is a two step process. First, you must determine whether the person occupied a position of trust or possessed a special skill. An employee occupies a position of trust if, in the course of his duties, he exercised significant discretionary judgment and is under minimal supervision. Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. A person possesses a special skill if they have a skill not possessed by members of the general public and which usually requires substantial education, training or licensing. You do not have to find the REID had both a position of trust and a special skill; it is sufficient for this step if he had either.

The second step in the process comes if, and only if, you find that JAMES E. REID held a position of trust or had special skills. If you make this finding, you must then determine whether or not he abused that position of trust or used his special skills to help him to commit or conceal the crime.

*United States v. Prochner*, 417 F.3d 54, 60-61 (1st Cir. 2005);

---

witness from PROPHIX who the Government had otherwise not expected to need at trial, to testify to the same matters Mr. Barber would have.

*United States v. Reccko*, 151 F.3d 29, 31-32 (1st Cir. 1998);
*United States v. Segura*, 2005 WL 1566748 (10th Cir. 2005);
U.S. Sentencing Guidelines §3B1.3 application notes 1 & 4.

Respectfully submitted this 8th day of November, 2006 ,

          MICHAEL J. SULLIVAN
          United States Attorney

    By:  /s/ Victor A. Wild
          VICTOR A. WILD
          Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Syrie Fried, Esq., Office of Federal Public Defender, 408 Atlantic Avenue, Boston, MA., on this the 8th day of November, 2006.

          /s/ Victor A. Wild
          VICTOR A. WILD
          Assistant U.S. Attorney