UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
                                            )        Criminal No. 04-10031-WGY
UNITED STATES OF AMERICA                    )
                                            )
              v.                            )
                                            )
JAMES E. REID                               )
                                            )
_____)

GOVERNMENT'S PROPOSED JURY QUESTIONS

Pursuant to Fed.R.Crim.P. 30, the United States hereby requests that the Court instruct the jury in this case in accordance with the attached instructions.  The requested instructions are based principally on the First Circuit's Pattern Jury Instructions, case law, and jury instruction treatises, as reflected in the citations accompanying the proposed instruction.

The United States reserves the right to supplement, modify, or withdraw its requested instructions in light of the requests for instructions, if any, filed by the defendant and the evidence presented at trial.

Respectfully submitted this 9th day of November, 2006.

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

                    By:     /s/ Victor A. Wild
                            Victor A. Wild
                            Assistant United States Attorney

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1
Duties of the Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instruction 1.01

GOVERNMENT'S REQUESTED INSTRUCTION NO. 2
The Indictment – Generally

The defendant is charged in an indictment.  I will send a copy of the Indictment to the

jury room with you to aid you in your deliberations.  As I told you before, the Indictment is not

evidence against the defendant.  It is simply the formal method that our Constitution provides for

charging someone with the commission of a crime.

1 Sand, <u>Modern Federal Jury Instructions</u>, ¶ 3.01, 3-1, p. 3-2.

3

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3
Consider Each Count Separately

The Indictment contains ten counts for your consideration. Each count charges a separate crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each count. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged against him.

Adapted from 1 Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions, §12.12 (4th ed. 1992).

4

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4
Nature of Indictment; Presumption of Innocence

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant U.S. Attorney Victor A. Wild.  The defendant James E. Reid is represented by Syrie Fried.

The defendant has been charged by the government with violations of  federal law.  The charges against the defendant are contained in the Indictment.  The Indictment is simply the description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges and deny committing the crimes.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

First Circuit Pattern Jury Instruction 1.02

GOVERNMENT'S REQUESTED INSTRUCTION NO. 5
Proof May be Disjunctive

You will note that the Indictment reads in the conjunctive in that the defendant is alleged to have committed certain acts <u>and</u> certain other acts.

It is not necessary for the United States to prove beyond a reasonable doubt that the defendant knowingly committed <u>all</u> of the alleged acts.  Rather, the United States has properly charged different means of violating the statute and you need only find beyond a reasonable doubt that the defendant knowingly committed one of those acts.

Devitt, Blackmar, Wolfe & O'Malley, <u>Federal Jury Practice and Instructions</u>, § 17.07 (4th ed. 1992).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6
Variance - Dates

The Indictment alleges that certain acts occurred "on or about" certain dates.

It does not matter if the Indictment charges that a specific act occurred on or about a certain date and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony or exhibits.

United States v. Morris, 700 F.2d 427 (1st Cir. 1983); Adapted from 1 Hon. Leonard B. Sand & John S. Siffert, et al, Modern Federal Jury Instructions, ¶3.01, Instruction 3-12, p. 329 (1995).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7
Preliminary Statement of Elements of Crime

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case:

<u>Wire Fraud</u>

1.    a scheme, substantially as charged in the Indictment, to defraud or to obtain money or property by means of material false or fraudulent pretenses;

2.    the defendant's knowing and willful participation in this scheme with the intent to defraud or to obtain money or property by means of false or fraudulent pretenses; and

3.    the use of interstate wire communications, on or about the date charged, in furtherance of this scheme.

<u>Mail Fraud</u>

1.    a scheme, substantially as charged in the Indictment, to defraud or to obtain money or property by means of material false or fraudulent pretenses;

2.    the defendant's knowing and willful participation in this scheme with the intent to defraud or to obtain money or property by means of false or fraudulent pretenses; and

3.    the use of the United States mail, on or about the date charged, in furtherance of this scheme.

You should understand, however, that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

First Circuit Pattern Instructions 1.04, 4.03, 4.25, 4.27

8

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8
Evidence; Objections; Rulings; Bench Conferences

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated – that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the

objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

First Circuit Pattern Jury Instruction 1.05

GOVERNMENT'S REQUESTED INSTRUCTION NO. 9
The Government As A Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

1 L. Sand, Modern Federal Jury Instructions, ¶2.01, 2-5 (1995) ("Sand").

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10
Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe.

First Circuit Pattern Jury Instruction 1.06

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11
Conduct of the Jury

To ensure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers, or witnesses involved in this case – you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is simply to pass the time of day – an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

13

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

First Circuit Pattern Jury Instruction 1.07

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12
Outline of the Trial

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorneys may, if they choose, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant. The government's evidence in this case will consist of the testimony of witnesses and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyers may make an opening statement and present evidence in the defendant's behalf, but they are not required to do so. I remind you that the defendant is presumed innocent, and the government must prove his guilt beyond a reasonable doubt. The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence

15

either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

First Circuit Pattern Jury Instruction 1.09

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13
Stipulations (if necessary)

The evidence in this case includes facts to which the lawyers have agreed or stipulated.

A stipulation means simply that the government and the defendant accept the truth of a particular

proposition or fact. Since there is no disagreement, there is no need for evidence apart from the

stipulation. You must accept the stipulation as fact to be given whatever weight you

choose.

First Circuit Pattern Jury Instruction 2.01

17

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 14
Deposition As Substantive Evidence

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The depositions of Pierre Beaudoin and Pierre Lortie, which were taken on September 11, 2006, have been presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Ninth Circuit Model Jury Instructions (Criminal) 2.6

18

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15
Evidence of Defendant's Similar Acts

You have heard evidence that the defendant committed acts similar to those charged in this case.  You may not use this evidence to infer that, because of his character, the defendant carried out the acts charged in this case.   You may consider this evidence only for the limited purpose of deciding:

(1)     Whether the defendant had the state of mind or intent necessary to commit the crime charged in the Indictment; or

(2)     Whether the defendant had a motive or the opportunity to commit the acts charged in the Indictment; or

(3)     Whether the defendant acted according to a plan or in preparation for commission of a crime; or

(4)     Whether the defendant committed the acts is on trial for by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of the defendant's similar acts.  Even if you find that the defendant may have committed similar acts, this is not to be considered as evidence of character to support an inference that the defendant committed the acts charged in this case.

First Circuit Pattern Jury Instruction 2.05

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16
Weighing the Testimony of an Expert Witness

You have heard testimony from persons described as experts.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instruction 2.06

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 17
Duty of the Jury to Find Facts and Follow Law

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return – that is a matter entirely for you to decide.

First Circuit Pattern Jury Instruction 3.01

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 18
Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that a defendant is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied

beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

First Circuit Pattern Jury Instruction 3.02

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 19
What Is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness, as well as through depositions; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

First Circuit Pattern Jury Instruction 3.04

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 20
Availability of Exhibits During Deliberations


During the trial several items were received into evidence as exhibits.  These exhibits

will be sent into the jury room with you when you begin to deliberate.  Examine the exhibits if

you think it would help in your deliberations.

Federal Judicial Center, <u>Pattern Criminal Jury Instructions</u>, § 57 (1982).

GOVERNMENT'S REQUESTED INSTRUCTION NO. 21
All Available Evidence Need Not Be Produced

Although the United States is required to prove the defendant guilty beyond a reasonable

doubt, the United States is not, in fact, required to produce all possible documents or all possible

witnesses who may have some knowledge about the facts of the case.

1 Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 17.18 (3d ed. 1977).

26

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 22
Investigative Methods

During the trial you have heard testimony of witnesses and arguments of counsel that the government either did or did not utilize specific investigative techniques and/or scientific tests. For example, there was reference to scientific tests conducted and to investigative steps either taken or not taken. You may consider these facts -- along with all facts in the case -- in deciding whether the government has met its burden of proof, because, as I have told you, you should look to all of the evidence or lack of evidence in deciding whether the defendants are guilty. However, you are instructed that there is no legal requirement that the government use any of these specific techniques or tests to prove its case. There is no legal requirement of an attempt to do any particular scientific test. And it is not required that the government offer any kind of specific evidence to you. You also are instructed that there is no legal requirement that the government interview every and all possible witnesses in a given case. There is no requirement that the Department of Justice or the Federal Bureau of Investigation conduct a specific number of interviews or interview everyone who might have some knowledge of the case.

Law enforcement techniques are not your concern. Your concern, as I have said, is to determine whether or not on the evidence before you, or the lack of evidence, the defendants' guilt has been proven beyond a reasonable doubt.

United States v. Mason, 954 F.2d 219, 222 (4th Cir. 1992); United States v. Corcoran, 855 F. Supp. 1359, 1374 n.8, 1375 (E.D.N.Y. 1994); 1 Sand, Modern Federal Jury Instructions, § 4.01 at 23-24; United States v. Cheung Kin Ping, 555 F.2d 1069 (2d Cir. 1977).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 23
Summary Witness – Summary Charts – Charts Admitted


The testimony of a witness summarizing evidence including documents or other matters,
or the charts and summaries prepared by him and admitted in evidence, were received for the
purpose of explaining facts as disclosed by books, records, and other documents which are
admissible into evidence.  You may consider the testimony, charts and summaries as you would
any other evidence admitted during the trial and give it such weight or importance, if any, as you
feel it deserves.


E. Devitt, C. Blackmar & K. O'Malley, Federal Practice and Instructions, § 14.02 (4th ed. 1990);
see  United States v. Strissel, 920 F.2d 1162 (4th Cir. 1990); United States v. Skalicky, 615 F.2d
1117, 1121 n.5 (5th Cir. 1980); United States v. Gardner, 611 F.2d 770, 776 (9th Cir. 1980); see
also Fed. R. Evid. 611, 1006.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 24
Charts and Summaries – Not Admitted

Certain charts and summaries, which were prepared by various witnesses, were identified in court and used to illustrate the testimony, but were not admitted into evidence.  But such charts or summaries are not in and of themselves evidence or proof of any facts.  If such charts and summaries do not reflect facts or figures as shown by the evidence in the case, they should be disregarded by you, the jury.  In other words, such charts or summaries were used only as a matter of convenience, so if, and to the extent that you find that they are not in fact true summaries of facts or figures shown by the evidence in the case, you may disregard them.

Gordon v. United States, 438 F.2d 858, 877 (5th Cir. 1971); United States v. Evans, 572 F.2d 455, 492 (5th Cir. 1978).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 25
Impeachment By Prior Inconsistent Statement

You have heard evidence that before testifying at this trial, some witnesses made statements concerning the same subject matter as their testimony in this trial. You may consider that earlier statement to help you decide how much of these witness' testimony to believe. If you find that a prior statement was not consistent with a witness's testimony at this trial on material issues, then you should decide whether that affects the believability of that witness's testimony at this trial.

Adapted from First Circuit Pattern Jury Instructions 2.02, Committee on Pattern Criminal Jury Instructions, First Circuit (1998).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 26
Statements of Witnesses


For purposes of the foregoing instruction, please understand that a "statement" of a

witness is anything which is verified to have been written by the witness, signed by the witness

or the sworn testimony of a witness.  Anything else is not the statement of the witness unless he

adopted it as his own or ratified it.  For example, if a witness spoke to another person, such as a

Special Agent of the Federal Bureau of Investigation, and the Special Agent later prepared a

report of that interview, the Special Agent's report is not the statement of the witness, unless the

witness adopted it as his own or ratified it.  Additionally, if a witness has testified under oath at

another time, such as in another trial, before the grand jury or in a deposition, the sworn

testimony of the witness is his own statement.  The same would be true if the witness had signed

an affidavit under oath.




18 U.S.C. § 3500; Palermo v. United States, 360 U.S. 343, 350 (1959)("grossly unfair to allow
the defense to use statements to impeach a witness which could not fairly be said to be the
witness' own rather than the product of the investigator's selections, interpretations, and
interpolations"); United States v. Saget, 991 F.2d 702, 710-11 (11th Cir. 1993); United States v.
Adames, 56 F.3d 737, 743-45 (7th Cir. 1995).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 27
Number and Credibility of Witnesses

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Pattern Jury Instruction 3.06

32

GOVERNMENT'S REQUESTED JUR INSTRUCTION NO. 28
Testimony Of A Single Witness

The testimony of a single witness may be sufficient to convince you beyond a reasonable

doubt of the defendants' guilt, if you believe beyond a reasonable doubt that the witness is

truthful; and believe that what the witness said is, in fact, what happened; and believe that the

testimony of the witness covers each element of the offense charged.

1 Sand, Mod. Fed. Jury Instructions, § 4.01, Proposed Instruction No. 4-3, p. 4-21, with
additional charge at p. 4-22.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 29
Preparation Of Witnesses

Some mention may have been made of the preparation of witnesses to testify.  There is nothing wrong with a lawyer preparing a witness to testify.  As a matter of fact, if the lawyers didn't do some preparation, this case would be much longer than it has been.  It is to be expected that when an attorney puts a witness on the stand for direct examination, he will have met with the witness and knows generally what the answers are going to be, that is, assuming the witness is willing to talk to the lawyer ahead of time.

The fact that a witness met with an attorney prior to that witness testifying before you, standing alone, should not usually cause you to discredit the testimony of that witness.  You may, however, consider the fact that a witness was willing to meet, or not meet, with one side or the other, prior to this case, in evaluating the witness testimony.  You may also consider whether any such meeting did, in fact, influence the testimony of the witness.

Adapted from Judge McNaught's charge in United States v. Ronna, Cr. No. 81-13-Mc (D. Mass.); see also, Judge Zobel's charge in United States v. Kepreos, Cr. No. 83-12-Z (D. Mass.).

34

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 30
Defendant's Constitutional Right Not To Testify
(IF REQUESTED BY A DEFENDANT)

A defendant has a constitutional right not to testify and no inference of guilt, or of

anything else, may be drawn from the fact that the defendant did not testify.  For any of you to

draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instructions 3.03, Committee on Pattern Criminal Jury Instructions,
First Circuit (1998).

35

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 31
Credibility Of Defendant As A Witness
(Requested Only If Defendant Testifies)

A defendant cannot be compelled to take the witness stand and testify. Whether or not a defendant testifies is a matter of his or her own choosing. If a defendant does choose to testify, he is a competent witness. In that event, he is subject to cross-examination, as you have observed, and his credibility is for you, the jury, to determine, in the same manner as that of other witnesses.

You may find that a defendant has a personal interest in the result of his prosecution. You may find that this interest gives the defendant a motive to protect himself. In appraising the defendant's credibility, you may take that fact into consideration, as you would with any witness.

However, I want to say this with equal force to you -- it by no means follows that simply because a person has an interest in the trial's end result, that he is not capable of telling a truthful and straightforward story.

It is for you, the jury, to decide to what extent, if at all, the defendant's interest has affected or colored his testimony.

United States v. Floyd, 555 F.2d 45, 47 n.4 (2d Cir. 1977); United States v. Martin, 525 F.2d 703, 706 n.3 (2d Cir. 1975); see also United States v. Dwyer, 843 F.2d 60, 62-63 (1st Cir. 1988).

36

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 32
Opinion of Defendant's Character
*If Defendant calls Character Witness*

The defendant has called witnesses who have given their opinion of his good character. This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charge.

Such character evidence alone may indicate to you that it is improbable that a person of good character would commit the offense charged. Accordingly, if after considering all the evidence including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if after considering all the evidence including that of a defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

1 L. Sand, et al., Mod. Fed. Jury instructions, §5.06, Instruction 5-15, p. 5-40 (2002).

37

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 33
Consider Evidence As A Whole

Your verdict must be based on your view of the evidence as a whole and you should

consider the testimony of each witness in light of all the other evidence in the case.

United States v. Patten, 226 U.S. 525, 544 (1913); American Tobacco Co. v. United States, 147
F.2d 93, 106-07 (6th Cir. 1944), aff'd, 328 U.S. 781, 809 (1946).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 34
Sympathy

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is:  Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of not guilty.  But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

1 Sand, Modern Federal Jury Instructions, ¶2.01, 2-12, p. 2-23.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 35
What Is Not Evidence

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with an Indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that the defendant has had an Indictment filed against him is no evidence whatsoever of his guilt.  The Indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The Indictment proves nothing.

First Circuit Pattern Jury Instruction 3.08

40

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 36
Intent and Mental States

The following definitions apply to terms used in various Counts of the Indictment.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with a bad purpose to intentionally disobey or disregard the law.

The question of whether a person acted knowingly and with the required intent is a question of fact for you to determine, like any other fact question.

1A Sand, Modern Federal Jury Instructions, ¶44.01, 44-5, p. 44-35; Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (1992 ed.), 6.18.656, p. 182; United States v. Walsh, Cr. No. 92-10288-WF (D. Mass., Mar. 22, 1994), aff'd, 75 F.3d 1, 9 (1st Cir. 1996)("willfully").

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 37
Manner of Proving Intent

Intent and knowledge involve the state of a person's mind. Medical science has not yet devised an instrument which can record what was in a person's mind in the past. Rarely is direct proof available to establish the state of one's mind. This may be inferred, however, from what a person says or does: his words, actions and conduct, as of the time of the occurrence of these events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

1 Sand, Modern Federal Jury Instructions, ¶6.06, 6-17, p. 6-43 (slightly modified).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 38
Intent And Motive Distinct

Intent and motive are different concepts and should never be confused. Motive is what prompts a person to act, or fail to act. Intent refers only to the state of mind with which the act is done or omitted. Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime. Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

Because the motive of the accused is immaterial, it need not be proved by the United States. Rather, evidence regarding motive is relevant only insofar as it sheds light on the intent of the accused. If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be -- or whether any motive be shown, but the presence or absence of motive is a circumstance which you may consider as bearing on the intent of a defendant.

First paragraph from Devitt & Blackmar, Federal Jury Practice and Instructions, § 17.06.
Last paragraph from Sand, Modern Fed. Jury Instructions, Instruction 6-18.

43

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 39
"Willful Blindness" As a Way of Satisfying "Knowingly"

In deciding whether a defendant acted knowingly, you may infer that a defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him.  In order to infer knowledge, you must find that two things have been established.  First, that the defendant was aware of a high probability of the fact in question.  Second, that the defendant consciously and deliberately avoided learning of that fact.  That is to say, the defendant willfully made himself blind to that fact.  It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant of the fact.

First Circuit Pattern Jury Instruction 2.14

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 40
Similar Acts – Intent, Knowledge, Absence of Mistake

The government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing this similar conduct not alleged in the Indictment. Accordingly, you may not consider this evidence of similar conduct as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar conduct was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that a defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but are not required to, draw an inference that in doing the acts charged in the Indictment, that defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because a defendant committed the similar conduct he must also have committed the acts charged in the Indictment.

Sand, Modern Federal Jury Instructions, ¶5.10, 5-25, p. 5-25. United States v. Lowe, 145 F.3d 45 (1st Cir.).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 41
Wire Fraud: 18 U.S.C. § 1343

Section 1343 of Title 18 of the United States Code provides:

Whoever, having devised . . . any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises, transmits, or causes to be transmitted by means of wire, radio or television communication in interstate . . . commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice . . . [shall be guilty of an offense against the laws of the United States].

18 U.S.C. § 1343.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 42
Essential Elements of Wire Fraud

In order for you to find a defendant guilty of wire fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

(1)     a scheme, substantially as charged in the Indictment, to defraud or to obtain money or property by means of materially false or fraudulent pretenses;

(2)     the defendant's knowing and willful participation in this scheme with the intent to defraud or to obtain money or property by means of materially false or fraudulent pretenses; and

(3)     the use of interstate wire communications, on or about the date charged, in furtherance of this scheme.

Pattern Jury Instructions: First Circuit, Criminal Cases, § 4.13 (1998) (modified); Neder v. United States, 527 U.S. 1, 20 (1999) (materiality requirement).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 43
First Element of Mail and Wire Fraud -- Scheme to Defraud or Obtain Money or Property By
Means of Material False or Fraudulent Pretenses

A scheme includes any plan, pattern or course of action.

The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decisionmaker to whom it was addressed.

Pattern Jury Instructions: First Circuit, Criminal Cases, §§ 4.12 and 4.13 (1998).

48

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 44
Second Element of Mail and Wire Fraud -- Knowing and Willful Participation in Scheme, With
the Intent to Defraud or Obtain Money or Property by Means of False or Fraudulent Pretenses

A defendant acted "knowingly" if he was conscious and aware of his actions, realized

what he was doing or what was happening around him, and did not act because of ignorance,

mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the

specific intent to do something the law forbids, or with specific intent to fail to do something the

law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

To act with an "intent to defraud" means to act willfully and with the specific intent to

deceive or cheat for the purpose of either causing some financial loss to another or bringing

about some financial gain to oneself.  Thus, if a defendant acted in good faith, he cannot be

guilty of the crime of mail or wire fraud.  The burden to prove intent, as with all other elements

of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of

directly scrutinizing the workings of the human mind.  In determining what a defendant knew or

intended at a particular time, you may consider any statements made or acts done or omitted by

the defendant and all other facts and circumstances received in evidence that may aid in your

determination of the defendant's knowledge or intent.  You may infer, but you certainly are not

required to infer, that a person intends the natural and probable consequences of acts knowingly

done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by

the evidence received during this trial.

Pattern Jury Instructions: First Circuit, Criminal Cases, §§ 4.12 and 4.13 (1998).

49

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 45
Mail Fraud: 18 U.S.C. § 1341

Section 1341 of Title 18 of the United States Code provides:

Whoever, having devised . . . any scheme or artifice to defraud, or for obtaining
money or property by means of false or fraudulent pretenses, representations or
promises, . . . [and] for the purpose of executing such scheme or artifice . . . .
places in any post office or authorized depository for mail matter, any matter or
thing whatever to be sent or delivered by the Post Office, . . . or takes or receives
therefrom any such matter or thing, . . . or knowingly causes to be delivered by
mail . . . any such matter or thing . . . [shall be guilty of an offense against the
laws of the United States].

18 U.S.C. § 1341.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 46
Essential Elements of Mail Fraud


In order for you to find a defendant guilty of mail fraud, you must be convinced that the

government has proven each of the following things beyond a reasonable doubt:

(1)    a scheme, substantially as charged in the Indictment, to defraud or to obtain
       money or property by means of materially false or fraudulent pretenses;

(2)    the defendant's knowing and willful participation in this scheme with the intent to
       defraud or to obtain money or property by means of materially false or fraudulent
       pretenses; and

(3)    the use of the United States mail, on or about the date charged, in furtherance of
       this scheme.


Pattern Jury Instructions: First Circuit, Criminal Cases, § 4.12 (1998) (modified); Neder v.
United States, 527 U.S. 1, 20 (1999) (materiality requirement).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 47
Third Element of Mail and Wire Fraud -- Use of the United States Mail or Interstate Wire
Communications

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme, or that the material transmitted by mail or wire was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the mail or wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that a defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the Indictment, and that the use of the mail or wire communications facilities in interstate commerce on or about the date alleged was closely related to the scheme because the defendant either received something in the mail or caused it to be mailed, or either made or caused an interstate wiring to be made, in an attempt to execute or carry out the scheme.

To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business, or where such use can reasonably be foreseen.

To "cause" an interstate wiring to be made is to do an act with knowledge that an interstate wiring will follow in the ordinary course of business or where such a wiring can reasonably be foreseen.

Pattern Jury Instructions: First Circuit, Criminal Cases, §§ 4.12 and 4.13 (1998) (modified).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 48
Third Element of Mail and Wire Fraud -- Use of the United States Mail or Interstate Wire
Communications, Continued

The government need not show that the mailing or interstate wire communication at issue in a particular count you are considering was an essential part of the scheme, so long as such use of the mails or interstate wires can be reasonably foreseen, even though not actually intended. Accordingly, the mailing or interstate wire communication only needs to be incidental to an essential part of the scheme.

The mailing or interstate wire communication can be performed by anyone; it is not necessary that the defendant himself perform the mailing or interstate wiring.

Letters or documents confirming prior understandings can form the basis of a mail or wire fraud conviction.

Testimony regarding an established office or business custom and practice of performing mailings or wirings can constitute circumstantial proof that a particular document was mailed or wired. Such business custom and practice may be established by the testimony of anyone with personal knowledge of the business custom and practice; it is not necessary to produce a witness who personally performed the mailing or wiring.

See United States v. Hannigan, 27 F.3d 890, 894-95 (3d Cir. 1994); United States v. Kelley, 929 F.2d 582, 584 (10th Cir. 1991); United States v. Castillo, 829 F.2d 1194, 1198 (1st Cir. 1987); United States v. Silvano, 812 F.2d 754, 760 (1st Cir. 1982); United States v.Ledesma, 632 F.2d 670, 675 (7th Cir. 1980); United States v. Stull, 521 F.2d 687, 689 (3d Cir. 1975).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 49
Foreperson's Role; Unanimity

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

First Circuit Pattern Jury Instruction 6.01

54

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 50
Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

First Circuit Pattern Jury Instruction 6.02

REQUESTED INSTRUCTION NO. 51
Punishment

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or, in any sense, enter into your deliberations.

1 Sand, Modern Federal Jury Instructions, ¶9.01, 9-1, p. 9-3.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 52
Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

First Circuit Pattern Jury Instruction 6.03

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 53
Return of Verdict Form

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Pattern Jury Instruction 6.04

58

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 54
Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Pattern Jury Instruction 6.05

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Syrie Fried, Esq., Office of Federal Public Defender, 408 Atlantic Avenue, Boston, MA, on this the 9th day of November 2006.

/s/ Victor A. Wild
VICTOR A. WILD
Assistant U.S. Attorney