UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
          V.                    )    Cr. No. 04-10031-WGY
                                )
JAMES E. REID,                  )
                                )
          Defendant             )

          **GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
           IN SUPPORT OF MOTION *IN LIMINE*
           <u>TO ADMIT VIDEOTAPED DEPOSITIONS AT TRIAL</u>**

     Videotaped depositions of Canadian citizens, Messrs. Pierre Beaudoin and Pierre Lortie, were taken by the parties at Montreal, Canada, on September 11, 2006, under an Order of this Court pursuant to Rule 15, Federal Rules of Criminal Procedure.

     On October 19, 2006, the Government submitted the depositions to this Court for ruling on objections and admissibility at trial.[1]

     On November 2, 2006, the defendant sought to exclude admission of the videotaped depositions.[2] The defendant claimed lack of a showing of "unavailability" of the witnesses and procedural error.[3]

---

[1] Government's Motion *In Limine* Submission Of Videotaped Deposition For Pre-Trial Ruling On Objections And Admissibility.

[2] Defendant'S Memorandum Of Law In Opposition to Government's Motion *In Limine* To Admit Videotaped Depositions At Trial.

[3] The district court allowed the Government's Motion *In Limine* prior to further submission by the Government. It should be noted that the defendant made no objection to the procedure at the time of the taking of depositions. Moreover, caselaw cited by the defendant in his memorandum and other applicable caselaw do not support the claim of procedural error. *See, e.g.*, <u>United States v. McKeeve</u>, 131 F.3d 1 (1st Cir. 1997); <u>United States v. Salim</u>, 855 F.2d 944 (2d Cir. 1988).

This Court allowed the Government's Motion *In Limine* (thereby denying the defendant's counter opposition), provided that at the commencement of the trial the Government can convince the Court that the deposed witnesses are "beyond the reach of compulsory process."

At a pre-trial conference on November 7, 2006, this Court again denied the defendant's opposition, ruling that once the Government makes a contemporaneous showing that the Government cannot produce the witnesses in person the videotaped depositions may be played for the jury. The defendant's opposition was denied without prejudice to being renewed during the course of trial.

Rule 804(a)(5), Federal Rules of Evidence, defines a witness as "unavailable" when the declarant-

> (5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance***by process or other reasonable means.

The Government must make a "good faith effort to obtain the presence of witnesses at trial." Barber v. Page, 390 U.S. 719, 724-25 (1968). "The lengths to which the prosecution must go to produce a witness...is a question of reasonableness." Ohio v. Roberts, 448 U.S. 56, 74 (1980)(quoting California v. Green, 399 U.S. 149, 189 n.22 (1970)(Harlan, J. Concurring)(internal quotation marks omitted)). The Government need only take reasonable steps and need not perform further "futile acts." Roberts, 448 U.S. at 74.

2

The Government sought the Order for Rule 15 depositions on its Motion For Pre-Trial Videotaped Deposition. The bases included: the witnesses are both Canadian citizens, their testimony cannot be compelled by subpoena, their testimonies are critical to proof of the criminal charges, and both witnesses expressed their willingness to cooperate but declared they could not and would not be available in Boston to testify at the trial of this matter. The Government assured the witnesses that all expenses for their travel and accommodations in Boston would be borne by the Government. The Government has maintained communications with both witnesses. The bases originally relied upon by the Government have continued to date. Both witnesses have been informed of continued trial dates. Both witnesses have advised that they are unavailable due to business and other matters, and both have advised that they are in any event unwilling to voluntarily appear in Boston to testify in this case.

The Assistant United States Attorney assigned to this prosecution consulted with the Office of International Affairs, Criminal Division, U.S. Department of Justice. That Office confirmed that while a Mutual Legal Assistance Treaty (MLAT) provides a mechanism for compelling a Canadian citizen to appear for a deposition *in that country,* it does not provide a similar mechanism to compel a Canadian citizen to travel to the U.S. to testify in a U.S. court proceeding. *See* attached letter from Mary

McLaren, Trial Attorney, U.S. Department of Justice, Criminal Division, Office of International Affairs.  *See also*, The Treaty Between the Government of the United States of America and the Government of Canada on Mutual Legal Assistance in Criminal Matters, Mar. 18, 1985, U.S.-Can., 1985 WL 301941.  As between the United States and Canada, Article XII of the treaty permits a requesting country to compel testimony, but only in the Request*ed* State, not in the request*ing* state.  Thus, the most the Government could do in this case was to obtain the witnesses' testimony *in Canada*, which was done, albeit as voluntary depositions under Rule 15 without necessity of formal MLAT proceedings.

United States courts have routinely recognized that our courts cannot compel a citizen of a foreign country residing therein to appear and testify in the United States.  "The government has no power to compel the presence of a foreign national residing outside the United States."[4]  <u>United States v. Filippi</u>, 918 F.2d 244, 247 (1st Cir. 1990).  *See also,* <u>United States v. Des Marteau</u>, 162 F.R.D. 364, 368 (M.D. Fla. 1995)(Canadian citizens living in Canada are beyond the subpoena power of the U.S. court); <u>United States v. Sun Myung Moon</u>, 93 F.R.D. 558, 559-60 (S.D.N.Y. 1982)(Japanese witnesses not residing in the U.S. are beyond the subpoena power of

---

[4]  The First Circuit in <u>Fillipi</u> specifically noted that Fed.R.Crim.P. 17(e)(2) and 28 U.S.C. § 1783 apply to *nationals or residents of the U.S.*, but "do not apply to a foreign national residing outside the United States."  918 F2d 246, n2.

the court); United States v. Field, 532 F.2d 404 (1976). In Mancusi v. Stubbs, 408 U.S. 204 (1972), the Supreme Court affirmed a state court conviction in which the trial court admitted the witness' testimony from a prior trial, where the witness, previously in the U.S., had removed himself permanently to a foreign country, and the State of Tennessee was thereby "powerless to compel his attendance at the second trial, either through its own process or through established procedures depending on the voluntary assistance of another government." 404 U.S. 212. The Supreme Court in Stubbs noted that although there had developed various procedures to secure the attendance of witnesses located in one state of the U.S. for testimony in another state of the U.S., "[t]here have been, however, no corresponding developments in the area of obtaining witnesses between this country and foreign nations." Id.[5] In United States v. Germann, 370 F.2d 1019, 1022-23 (2d Cir. 1967) the court upheld enforcement of a Grand Jury subpoena served upon a Caymann Island citizen temporarily in the U.S. The witness claimed that testimony on banking matters in this country could violate laws in his country prohibiting such

---

[5] The Court in Stubbs, 404 U.S. at 210 -212, distinguished the case from Barber v. Page, 390 U.S. 719 (1968) where the state of Oklahoma: (1) had made no effort to obtain the presence of the witness; (2) the witness was in a federal prison in another state; (3) the several states had developed procedures and means to cooperating in making prisoners available under writs ad testificandum; and (4) 28 U.S.C. §2241(c)(5) gave federal judges power to make federal prisoners available to testify in state court proceedings.

testimony. The witness also asserted that the U.S. District Court lacked jurisdiction to compel the appearance of a non-resident alien. In upholding enforcement of the subpoena, the Second Circuit distinguished the process of serving a foreign citizen present in this country from the authority of U.S. courts to compel a witness to travel to the U.S. to testify. "Of course there is no power to compel such a witness to come from abroad."

The Government submits that it has made the requisite showing that Messrs. Beaudoin and Lortie are in fact "beyond the reach of compulsory process." Furthermore, the Government has maintained communications with the witnesses who remain unavailable to the Government despite its good faith efforts to obtain their presence.

WHEREFORE, the Government further moves this Court to permit the videotaped depositions of Messrs. Pierre Beaudoin and Pierre Lortie to be played for the jury at trial.

Respectfully submitted this 13th day of November, 2006.

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY

By: /s/ Victor A. Wild
    VICTOR A. WILD
    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Syrie Fried, Esq., Office of Federal Public Defender, 408 Atlantic Avenue, Boston, MA., on this the 13TH day of November, 2006.

        /s/ Victor A. Wild
        VICTOR A. WILD
        Assistant U.S. Attorney